No. 716.—PIERRE PECOT & Co. et als. *v.* ARMELIN BROTHERS et als.

Where suit is brought by a judgment creditor against third parties to annul a sale, and a *dation en paiement* of property made by the judgment debtor to them, and they have not been made parties to the original suit, they may controvert the demand, although it be liqu.-dated by a judgment, in the same manner that the original debtor might have done before judgment, and if the account on which the judgment is founded is prescribed, the plea will prevail as to them notwithstanding the judgment:

The purchase of lands at the succession sale of the estate of their mother by the heirs, and their subsequently plan.ing in partnership, does not constitute them partners in the lands.

A partnership which has for its object the acquisition of real estate must be in writing. C. C. 2807.

The mortgage of the wife attaches to the interest of the husband in the lands held in common before partition, to secure her claim for her paraphernal property received by him, and a *dation en paiement* to her in satisfaction of her claim is authorized. C. C. 2367, 2421.

The fact that a party owes more than his property will sell for, does not prevent him from selling, and a sale made under such circumstances will not be avoided unless fraud is shown.

APPEAL from the District Court, parish of St. Mary. *Train,* J. *J. G. Oliver & Dumartrait* for plaintiffs and appellees, *Simon & Voorhies* and *Gibbon & Wilson* for defendants and appellants.

LUDELING, C. J. P. Pecot & Co. et als., syndics of the insolvent firm of Darby & Tremoulet, judgment creditors of the Armelin Brothers, sue to annul the partition of certain lands among the Armelin Brothers, the sale by Theodore and Aristide Armelin to Emile Perret, and the *dation en paiement* made by Charles Armelin to his wife, Marie E. Perret.

The defendants, Emile Perret and Marie E. Armelin, have pleaded, in this Court, the prescription of three years against the account, which formed the basis of the judgment in one of the suits against their vendors and transferer. Article 1971 of the Civil Code accords this right: "When the defendant, in the action given by this section, has not been

made a party to the suit against the original debtor, he may controvert the demand of the plaintiff, although it be liquidated by a judgment, in the same manner that the debtor might have done before the judgment." 12 La. 200; 4 An. 135, Fox v. Fox.

The account of Darby v. Tremoulet was due twenty-second August, 1862. The Armelin Brothers were cited on the fifth of October, 1865. The claim was, therefore, prescribed. The account was not an acknowledged or stated account (compte arreté) as contended for by the plaintiffs' counsel.

But the plaintiffs have another judgment, under which also they are proceeding, and to the extent of that debt they are interested in avoiding the sales and transfer aforesaid, if the same be in fraud of their rights. This necessitates an examination of the case on its merits. It is alleged that the land which was partitioned between Charles, Theodore and Aristide Armelin, belonged to the partnership of Armelin Brothers, and that they could not partition the property among themselves before the debts of the partnership had been paid. We have searched in vain to find any proof of the existence of a partnership of any sort before the purchase of the land. And the purchase by them, at the sale of the property, which belonged to the succession of their mother, did not create a partnership. Nor does the fact that they subsequently planted in partnership make the land bought by them the property of the partnership. There is no proof in the record to show the existence of a partnership which had for its object the acquisition of real estate, or which was intended to embrace such property. The Civil Code requires such partnerships to be in writing. Art. 2807; 2 An. 822; Cora A. Slocomb v. De Lizardi, 21 An. p. 355. The property was the joint property of the Amerlin Brothers—C. C. 2777; and they had a perfect right to partition it. The mortgage of the wife of Charles Armelin attached to his interest in the lands even before the partition; and the datien en paiement to her, in satisfaction of her claim for paraphernal property received by him, was authorized by law. C. C. 2367; 2421; 2402.

The evidence in this case does not satisfy us that the sale to Perret was fraudulent. There is nothing whatever to show *his* want of good faith; and his vendors, Theodore and Aristide Armelin, offered to transfer to the plaintiffs the notes, secured by mortgage on the property sold, which Perret had given for the price. This certainly does not indicate a fraudulent intent on their part. The mere fact that one happens to owe more than his property will sell for, does not prevent him from lawfully selling his property.

This view of the case makes it unnecessary to notice the bills of exceptions taken by the defendants.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed; and that there be judgment in favor of the defendants rejecting the plaintiffs' demand, with costs in both courts.