DELAHOUSSAYE *vs.* DUMARTRAIL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

The sale and alienation of minors' property, although made by notarial act, even when the minor is assisted by his curator, is absolutely void, if made without the order of the judge.

So the sale and alienation of a tract of land, under mortgage in favor of a minor, even where the minor is assisted by his curator and by notarial act renounces his right of mortgage, is null and void, and such minor when he comes of age, may annul and set the sale aside and subject the property to his legal mortgage.

This is an hypothecary action against mortgaged property in the hands of the defendant as third possessor. The plaintiff had a judgement against one Balthazar Delahoussaye in the probate court for the parish of St. Martin, for two thousand five hundred and sixty-four dollars, with interest; which recognised a general mortgage on all the estate of debtor which he possessed since the 14th of October, 1814. The defendant is in possession of a tract of land, purchased from B. Delahoussaye and subject to the plaintiff's mortgage, and which the latter is bound to pursue under an order, and plea of discussion in another case, before he can have recourse to any other of the mortgaged property of B. Delahoussaye.

The defendant states that he purchased the land in question at a sale under execution against B. Delahoussaye, in June, 1822, and in March, 1823, he exchanged it with Luffroy Provost for another tract of the same size adjoining it, and which was also purchased from B. Delahoussaye. He avers that the plaintiff, then a minor, came forward by his curator and renounced in favor of the defendant and L. Provost, all his privileges and mortgages to the same, and ratified the sales, &c.; and he cannot now protect himself, by a plea of minority, against the effect of the act of renunciation, because

more than four years has elapsed since he arrived at the age of majority before bringing this suit, or before suing his curator, and since he gave his curator a discharge, &c. He pleads the prescription of four and five years, and cites L. Provost, his vendor, in warranty.

The plaintiff amended his petition so as to include Provost in the same allegations and demand.

L. Provost, in his answer, relied on prescription as set out in defendant's answer, against the claim to the tract he exchanged to defendant; and for the other, he called upon Dumartrait in warranty to defend him.

There was judgement for the defendant. The plaintiff appealed.

*Brownson,* for plaintiff.

*Simon,* for the defendant:

1. We show that by an act passed the 24th of March, 1823, the plaintiff renounced in favor of the defendant, &c. all mortgages and privileges on the property now claimed, and fully approved the sale from B. Delahoussaye to the defendant. Although the plaintiff was a minor at that time, he is now barred by prescription from setting up any cause of action against the act, as more than four or five years have elapsed since he came of age, and the inception of this suit. *Lou. Code,* 356.

2. Minors are relievable against simple lesion in every species of contract. What is called here simple lesion is different from the lesion beyond moiety; it is always presumed in contracts made by minors, and it is not necessary when an action of nullity is brought by minors against an act of theirs, to allege lesion; proof of minority is sufficient. *L. Code, arts.* 1858, 1860.

3. The plaintiff in this case was entitled to his action of nullity against the renunciation contained in the act of the 24th of March, 1824, and ought to have brought it. Not having done so, he cannot succeed in this form.

WESTERN DIS.
    Sept. 1832.

DELAHOUSSAYE
        vs.
DUMARTRAIT.

4. In contracts made by minors, when all the forms of the law have been pursued, simple lesion must be alleged and proven. *L. Code*, 1861.

5. These actions are limited to four years, to date from the time the minor arrives at the age of majority. *L. Code*, 1870.

6. There is another provision of the code on which I rely to support the prescription of five years. It says "the action of nullity or rescission of contracts, testaments, or other acts, is prescribed by five years, and this prescription only commences against minors after their majority." *L. Code*, 3507.

7. Under the laws which governed before the adoption of the Louisiana Code, the minor had only four years after coming of age, to bring his action of nullity or restitution against all contracts made to his prejudice, either by himself or his guardian. (*Partidas*) *Moreau and Carlton*, 2 vol. 1157; *law* 8, *p.* 1153–4. 3 *Mar.* 456.

MARTIN, J., delivered the opinion of the court.

The plaintiff is appellant from a judgement by which the defendant's plea of prescription was sustained.

The object of the suit was to render a tract of land in the possession of the defendant liable to the plaintiff's claim on his curator, whose property the land was, theretofore. The defendant pleaded that the plaintiff had by a notarial act, in which he was assisted by his curator, renounced his right of mortgage on the premises; and although he, the plaintiff, was then a minor, he could not now seek relief against such an act on the score of nullity or lesion, as more than four years had elapsed between his coming of age and the date of the renunciation.

The sale and alienation of minors' property, although made by notarial act, even when the minor is assisted by his curator, is absolutely void, if made without the order of the judge.

So the sale and alienation of a tract of land, under mortgage in favor of a minor, even where the minor is assisted

The contract under consideration is one for the alienation of minors' real rights. Such rights he cannot alienate without the authority of the judge. The alienation before us is a gratuitous one which no court could sanction. The obtention of such an authority is an essential formality the absence of which renders the alienation absolutely void. And the Civil

Code provides that the contract of a minor, even assisted by his curator, if unaccompanied with the formalities required by law, is void, and the party may obtain the rescission of it by an action of nullity, or be relieved against it on his exception: *"quid temporalis sont ad potentum perpetua sont ad excipiendum."*

The plea of prescription was improperly allowed.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed, the plea of prescription overruled, and the case remanded for further proceedings; the appellee paying costs in this court.