### DELAHOUSSAYE *vs.* DUMARTRAIT.

#### ON A RE-HEARING.

The exception of *quæ temporalia sunt ad agendum, sunt perpetua ad excipiendum*, exists only in favor of the defendant in possession of the property, or right sought to be recovered.

So, where a person has delivered possession of property, or *ratified a sale, when a minor*, he cannot afterwards bring a petitory action, to compel the purchaser to produce his title, and then, by way *of exception*, ask for the rescission or nullity of the sale, when in fact he was barred by prescription from bringing a direct action of rescission or nullity.

This case comes up on a re-hearing. At the September term, 1832, of this court, holden at Opelousas, a judgment was rendered disallowing the defendant's plea of prescription, opposed to the plaintiff's demand. See 4 *Louisiana Reports*, 368.

The plaintiff had a judgment against B. Delahoussaye, (who had been his curator) obtained in 1827, with a legal mortgage on all his property which he owned at and since the 14th of October, 1814. He now seeks to enforce this mortgage against a tract of land, sold under execution, as the property of said Balthazar Delahoussaye, and purchased by the defendant in June, 1822. The defendant had made an exchange of this tract with one Leufroy Prevost, for another of the same value. On the 24th of March, 1823, the plaintiff, *then a minor*, executed an act of renunciation in favor of both Dumartrait and Prevost, of all his claim and right of

mortgage against said land, and approving and ratifying said sale.

On the 26th of November, 1824, the plaintiff was of full age, and on the 19th of July, 1830, nearly six years afterwards, he brought his action to recover or subject this property to his legal mortgage against his curator.

The district judge, after hearing the case, was of opinion the plaintiff was completely barred from exercising his hypothecary action against the property in the possession of defendant, by prescription, more than four and five years having elapsed after he came of full age, before the institution of this suit.

There was judgment dismissing the suit, and quieting the defendant in the possession of the property. The plaintiff appealed.

[This cause was originally argued by *Mr. Brownson*, for the plaintiff, and by *Mr. Simon*, for the defendant. See 4 *Louisiana Reports*, 370. The case was decided in September, 1832, and printed in the Reports. A re-hearing was afterwards granted, although there was some uncertainty as to whether the time allowed in such cases had not expired. A consent rule was entered, and this case is now decided as if in the first instance. The former decision goes for nothing.]

The case was submitted at this term, by *Mr. T. H. Lewis*, for the plaintiff, and by *Mr. Voorhies*, for the defendant.

*Morphy, J.* delivered the opinion of the court.

This is an hypothecary action against property in the hands of the defendant, as a third possessor, and was brought to satisfy a judgment, obtained by the plaintiff, against Balthazar Delahoussaye, who was his curator, and to whom the land formerly belonged. The defence set up, is that, in a notarial act in which the plaintiff was assisted by his curator, he renounced his tacit mortgage on the premises ; that although he was then a minor, he cannot now ask for the nullity or rescission of his renunciation, because he is barred by prescription ; more than *five years* having elapsed between his coming of age and the institution of this suit.

The plea of prescription was sustained below, and the plaintiff appealed.

It appears to us that the decision to be made, on the plea set up by the defendant, depends on a correct application of the rule *quæ temporalia sunt ad agendum; sunt perpetua ad excipiendum*, which is invoked by the plaintiff. If he is not entitled to its protection, his renunciation has become binding on him, as much so, as if he had ratified it after becoming of full age. This rule, which is derived from the Roman jurisprudence, has often been improperly applied, and made to cover direct demands under the name and form of exceptions. It is now, however, well understood to exist only in favor of a defendant in the possession or exercise of the property, right or position attempted to be taken from him. If for instance, a vendor is left in possession of property after a sale of it which might have been annulled on the score of lesion, he may remain silent as to this defect in the contract, and reserve to himself the right of pleading the nullity of the sale, by way of exception, whenever he shall be sued by the purchaser for the delivery of the property ; until then he has no interest to bring a suit ; he might consider the contract as a nullity, and believe that the purchaser will never call for its execution ; hence the maxim, *posidenti non competit actio sed exceptio*. If on the contrary, such a vendor had delivered the property, and suffered the purchaser to remain in possession a length of time sufficient for the prescription of the action of rescission, he could not afterwards, by bringing a petitory action, thus compel the purchaser to produce his title, and then by way of exception, ask for its nullity or rescission.

Such an extraordinary course, would evidently cover an attempt to evade the law, debarring him from the right of bringing a direct action of rescission. 7 *Toullier*, *No.* 602. So, in the present case, the exception invoked by the plaintiff in a suit brought by himself, would, if sustained, give him all the advantages he could derive from a direct action of nullity against his renunciation, had he brought it in due time. This cannot be. An exception has for its object to maintain the defendant in the situation he stands in, while an action aims

*Margin:* WESTERN DIST. September, 1840.

DELAHOUSSAYE *vs.* DUMARTRAIT. The exception of *quæ temporalia sunt ad agendum, sunt perpetua, ad excipiendum*, exists only in favor of the defendant in possession of the property, or right sought to be recovered.

So, where a person has delivered possession of property, or *ratified a sale, when a minor*, he cannot afterwards bring a petitory action to compel the purchaser to produce his title, and then, by way *of exception*, ask for the rescission or nullity of the sale, when in fact he was barred by prescription from bringing a direct action of rescission or nullity.

at obtaining a change of the *statu quo*. Here the person making the exception, is not contending to preserve his position, but to better it by avoiding a renunciation, the benefit of which has been enjoyed by the defendant, during a lapse of time sufficient, in law, to protect him against the effects of a direct action of nullity. The plaintiff must, therefore, be viewed in the light of one seeking indirectly to exercise an action of nullity, which is prescribed ; and not as a defendant entitled to the benefit of the well known rule, *tamdiù durant exceptio quamdiù actio* ; for no action has been brought against him, which gives rise to such exception. 2 *Troplong*, *verbo Prescription, No.* 832, *page* 410. 17 *Merlin's Repertoire du Jurisprudence, verbo Prescription, page* 441, 442.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.