Taliaeekro, J.
Pierre Roussel, father and tutor to Emile Roussel and Edward Roussel, made a settlement with his eldest son Emile, on the day ho attained the age of majority, viz : 11th May, 1859. The indebtedness of the tutor was fixed at i$12,337 80, The settlement was made by potwial act, which was duly recorded on the 21st of May of the samq year. *175 On the clay of settlement, the sum of §337 80 was paid, leaving §12,000 due. To this balance was added §2,880, the interest (at eight per cent.) on the principal, divided into annual installments—the whole amount being §14,880. Por the payment of this sum, the father executed seven promissory notes : one for §960, payable one year after date ; two for the sum of §2,160 each, payable two years after date ; two for the sum of §2,320 each, payable three years after date ; and two for the sum of §2,480 each, payable four years after date. These notes were drawn by Pierre Roussel, payable to his own order and endorsed by him. They stipulated the payment of eight per cent, per annum interest, from maturity, if nob punctually paid, and are paraphed ne varietur by the notary before whom the settlement was made. The object of the notary’s paraph seems to have been to identify the notes with the minor’s tacit mortgage, as it is expressed in the authentic act, that it “was reserved to his pupilary claim, the nature of which, t-lie parties agreed, could never bo considered as changed, and which, on the contrary, they intended to maintain in all its force and integrity. ”
One of the notes for §2,160 was transferred by Emile Roussel to Mrs. Perret, the plaintiff in this case, who obtained judgment upon it according to its tenor, on the 22d of September, 1865, with recognition of the legal mortgage to secure its payment.
On the 5th of May, 1866, there was a judgment recorded against Pierre Roussel, in favor of Joseph Bonneville, founded (as it seems) upon one or more of the notes of the series, furnished by Pierre Roussel to Emile Roussel, as before stated. Upon these judgments executions were issued and seizures made, on the 15th of May, 1866, of the same property—a tract of land with improvements, situated in the parish of St. John the Baptist.
On the 12th of July, 1862, Edward Roussel, the brother and co-heir of Emile Roussel, became of age. Pie instituted a suit against his father as tutor, and obtained a judgment against him on the 21st of April, 1866, for the same amount that was fixed as the tutor’s liability to Emile Roussel, the oldest son. The legal tacit mortgage was recognized in favor of Edward Roussel, as being concurrent with that of Emile’s, referred to in the notarial act before mentioned. An execution was issued oh this judgment of the youngest heir, and seizure of the same property was made ■ on the same day that the seizures of Mrs. Perret and Emile Roussel were made.
Pending these proceedings, Edward Roussel, by third opposition, filed a petition, in which he alleged that, by virtue of his legal mortgage upon his father’s property, he is entitled to bo paid by preference the entire amount of his judgment, interest and costs.; that Mrs. Perret and Bonneville have no mortgage of any kind on the property, subject to his gene ral mortgage ; that the mortgage right they claim is prescribed', if it ever existed ; and he prayed that they be cited, and that a decree be rendered in his- favor, as prayed for.
Mrs. Perret answered by a general denial. She sets up the legal mortgage accorded to her by the judgment rendered in her favor, in the suit entitled Widow Alplonse Perret v. Pierre Roussel, and also a judicial mortgage resulting from the recording of that judgment. She denind the op *176 poncnt’s right to bo paid in preference to, or concurrently with, lier claim, out of tho proceeds of the property seized.
Bonneville does not appear to kavo been a party to this suit.
On tho trial of the opposition, tho Court below rendered judgment maintaining, in favor of Mrs. Widow Alphonse Pcrrct, tho legal mortgage accorded to lier by the previous judgment, for tho entire principal of lier claim and lor the whole amount of the interest thereon, calculated at live percent, instead of eight per cent., as expressed in that judgment, and decreeing that the claims of both parties bo paid concurrently out of 'the proceeds of the property seized, their legal mortgages being of equal rank.
Erom this j udgmont Edward Roussel, the opponent has appealed.
The questions presented for solution in this ease, are :
1. Is the claim of Emile Roussel against his tutor proscribed V
2. Is the legal mortgage of minors, upon the property of their tutors, assignable ?
The Article 356 oí tho Civil Code declares that “the action of the minor against his tutor, respecting tho acts of tho tutorship, is prescribed by four years, to begin from tho day of his majority.”
Tho Article 3282 gives to “minors, persons interdicted and absentees, a legal mortgage on the property of their tutors and curators, as a security for their administration, from the day of their appointment until the liquidation and settlement of their final account. ”
The action in the present case is not for the rendition of an account, nor for acts or omissions of tho tutor during the tutorship, by which tho minor suffered injury of any kind, but it is instituted by Mrs. Perret, as transíerree of Emile Roussel, to recover a part of tho sum dire him, as ascertained by an account of the tutorship, rendered by tho tutor and accepted and approved by the minor, after he attained his majority. We do not think, therefore, that the prescription of four years established by the Article 356 is applicable. 4 La. 368. 6 La. 161. 11 R. 491. 10 11. 173.
The effect of the liquidation of tho minor’s claim was to take it out of the provisions of Article 356, and to place it under those of Article 3508 of the Civil Code, limiting personal actions generally to tho period of ten years. But the debt due was to be paid in installments, for which negotiable promissory notes were given. This would seem to indicate the prescription of five years as the one applicable to tho case, inasmuch as promissory notes are prescribed in five years, reckoning from the time they become due. Whatever may be the nature of an obligation, evidenced by a negotiable instrument, it is subject to the same prescription as the instrument itself. This is well settled in the case of Conan v. Pulley, 11 An. 1. The note sued on by Mrs. Perret is dated 21st of May, 1859, and became due two years after date, that is, on the 21st of May, 1861. Tho 21st of May, 1866, was the period at which it would have been prescribed, had nothing occurred to prevent the prescription. Suit was instituted, however, on the 4th of September, 1865, and the citation served the next day. The obligation was not therefore prescribed.
In the next place, it is contended that legal mortgages are slricli juris, and should bo rigidly limited to the purposes for which they are estah *177 lislied by law. It is urged in this case, tliat tlio pupilary mortgage cannot bo extended, to operate as security for the payment of tlio notes; that it is strictly personal to the minor, and can only be exercised by him to enforce tlio payment of his claims against his tutor, and that the giving of tlio notes did not extinguish the pupilary claim, on which alone the legal mortgage is founded ; that there was no novation, and that the preexisting obligation was not extinguished.
The indebtedness of the tutor to the minor, ascertained and fixed by final account rendered by the tutor, when the minor attains his majority, constitutes a claim or right which lie may sell and transfer. The law accords him a legal mortgage on the property of his tutor to secure the payment of that debt. The right of mortgage would be shorn of much of its value, if, when he finds it to his advantage to transfer liis pupilary claim, he could not also transfer the right which secures its payment. If this right were denied him, the debt against his tutor might bo rendered unavailable, at a time when he most needed the benefit of it.
It is the settled rule of this Court to construe legal mortgages strictly;. but, while this rule is' kept in view, we must give them all their proper efficacy. We find no law that prohibits the transfer of the legal mortgage given to minors upon the property of tlieir tutors. If public policy required that such transfer should be prohibited, it would be within the province of the legislator so to direct. Wo do not anywhere find that ho has dono so. On the contrary, Article 242-1 of the Civil Code, declares that “not only corporeal objects, such as movables and immovables, livo stock and produce, may be sold, but also incorporeal things, such as a debt, an inheritance, a servitude, or any other rights.”
Article 2615 declares that “ the sale or transfer of a debt includes everything which is an accessory to tlio same, as suretyship, privileges and mortgages. ”
In the case now under consideration, the usual objection, that the tacit mortgage acts secretly, has no place. In the attitude in which it is placed by the parties, it puts aside its feature of concealment. By an authentic act, oh the public records of the parish where the real estate is situated, which is affected by the mortgage, the intention of the parties is expressed that the right shall continue, and the notos are paraphed by the recorder and notary to identify them with the act.
But, in accordance with the rule just announced, the mortgage must bo restricted to its proper limits. It can not be extended to cover the expansion of the debt by the addition of the interest stipulated for the. extension of the time of payment. The tutor owed Emile Roussel, the elder brother, $12,000, with legal interest from tlio 21st of May, 1859, the date of the settlement. Edward Roussel, the younger brother, had judgment in his favor against the tutor for $12,337 80, with judicial interest from the 12th of July, 1862. The rights of the two heirs spring from the same source. The same legal mortgage secures those rights, and this equality of rights must be observed in the distribution of the proceeds of the sale of the mortgaged property. The judgment of the District Court was erroneous in allowing Mrs. Perrot the full amount of the note she brought suit upon. It should be reduced in tlio ratio that $14,880 boars tp $12,000, that, is, to $1,741 93.
*178 It is therefore, ordered, adjudged and decreed, that tho judgment of the lower Court be amended, so as to enforce the mortgage claim of Mrs. Perrot to tho extent only of SI, 711 !)», with five per cent, interest from the 21st of May, 185!); and that, in all other respects, tho judgment be affirmed.
It is further ordered, that the defendant and appellee pay costs in both courts.