Munholland vs. Scott et al.

---

## No. 538.

### J. M. MUNHOLLAND VS. MRS. SUSAN A. SCOTT ET AL.

33  1043
111  757
111  759

33  1043
113  196
113  701

The fact that the note, upon which executory process issued, was prescribed on its face, and that the Administrator of the succession against which the suit was brought, did not plead the prescription, does not affect the validity of the sheriff's sale.

The prescription of five years, under article 3543, C. C., cures such informalities and irregularities in sheriff's sales as: a waiver of notice of order of seizure and sale by an Administrator of succession; postponement of the sale; and an adjudication for less than the inventory appraisement.

APPEAL from the Fifth District Court, parish of Richland.  *Brigham, J.*

---

*Cobb & Gunby* and *P. H. Toler* for Plaintiff and Appellant:

First—On arriving at age, the sole heir can attack sales of his father's estate while he was a minor, on showing that such sales were illegal and injurious.

Second—The administrator cannot renounce prescription on a claim against the estate.

Third—A writ of seizure and sale cannot issue until notice of the order has been served and the delays given.

Fourth—After offering property once for cash without a sale, the sheriff cannot again offer for cash under the same writ. He must at the second offering sell on twelve months' credit.

Fifth—After failure to sell under one appraisement, the sheriff cannot have another appraisement made of same property.

Sixth—Where an order of seizure and sale is obtained by the relatives of the administrator on a prescribed claim on which a large amount had been paid and property of the succession is sold and bought in by such relatives for much less than its real value and less than its first appraisement, the sale is on its face fraudulent and collusive.

Seventh—Such defects in a sale as work substantial injury to the parties interested, as fraud, lesion, injustice of claim, etc., are not prescribed by five years.

Eighth—"Informalities" prescriptible by five years relate only to the manner, time and place of making the sale which do not defeat the rights of parties nor the ends of justice.

Ninth—Without actual seizure of real estate the sheriff cannot sell it. Without possession by the sheriff there can be no sale of property, and any such sale is a barren, absolute nullity, which cannot be cured by five years.

Tenth—A sale made after a writ expires is the same as a sale made without the issuance of a writ.

### Boatner & Liddell for Defendants and Appellees:

First—Courts cannot supply the plea of prescription, and an order of seizure and sale will issue on a note prescribed on its face. C. C. 3463 ; 29 An. 698 ; 19 An. 266.

Second—If the note was prescribed, it was the duty of the administrator to plead it; he may be responsible to the heirs, but this is no ground to annul a sale. 28 An. 569.

Third—The prescription of five years defeats all objections to irregularities and informalities growing out of a judicial sale. C. C. 3543 ; 29 An. 534 ; 21 An. 506.

Fourth—Sales of succession property for less than the appraisement will not be disturbed where it is shown that the property brought its actual value. 29 An. 536 ; 29 An. 505, Herrmann vs. Fontelieu.

Fifth—Want of actual seizure, when the purchaser goes into possession, is an informality cured by the lapse of time—and prescribed against in five years. C. C. 3643 ; 4 Otto 6, Pike vs. Evans.

Sixth—Lack of notice of order of seizure and sale is an informality cured by the prescription of five years. 24 An. 24, Allen vs. Couret.

Seventh—A writ of seizure and sale need not be returned in seventy days. Monition of Hall, 21 An. 692 ; 18 An. 656, Taylor vs. Graham.

Eighth—While an estate is under administration, heirs have no right to sue for debts or damages due the estate. C. C. 1058, 1048 ; 16 R. 459 ; 17 L. 500.

Ninth—"The minor claiming ownership of the land in controversy, because of alleged non-compliance with certain forms of procedure, are themselves to be reproached with non-compliance, either by their ancestor or themselves, with the fundamental rule which obliges the buyer of a thing to pay the price of the sale." Gillis vs. Coates, 29 An. 701.

---

The opinion of the Court was delivered by

FENNER, J. This action is brought by plaintiff as sole heir of Lorenzo D. Munholland, to annul a sheriff's sale of land to Mrs. Scott, made in executory proceedings taken contradictorily with the administrator of his ancestor's estate.

The grounds of nullity alleged are manifold, viz.:

1st. Fraud and collusion between the defendants. We find in the record not the slightest evidence of fraud, actual or constructive. We do not even discover proof that plaintiff was injured by the sale. Nothing in the record shows the property brought less than its value, at forced sale, at the time when it was sold, or that it would have

brought more under any proceedings, however regular. If the then existing depression in property values had afforded legal ground for demanding a postponement of the sale under creditor's process, undoubtedly, a year or two later, the property would have sold for more. But the creditor had the right to require the sale *then,*—and it brought its then value as appraised by persons properly appointed, and whose good faith is not attacked. This is *damnum absque injuria.*

2d.   That the note on which the order of seizure and sale was issued was prescribed and the mortgage thereby extinguished, and that the administrator had no right to waive prescription, and the sale was, therefore, null and void.

Courts cannot supply the plea of prescription.   C. C. 3463.

The judge was authorized and bound to issue the order of seizure and sale, although the note appeared to be prescribed on its face.

*Non constat* that the plea of prescription, had it been opposed, might not have been overthrown by proper evidence of acknowledgment.   The failure to oppose the plea is not even evidence of collusion or fraud, in this case, because under the existing jurisprudence in 1867, with reference to the effect of the war and the application of the maxim, *contra non volentem,* etc., there was no reason to suppose the note prescribed.

In any event, this circumstance could not affect the validity of the order and sale; but the sole remedy of the heir would be against the administrator and his securities.   Routh vs. Bank, 28 An. 569 ; Perroux vs. Lacoste, 19 An. 266 ; Gillis vs. Carter, 29 An. 698 ; Gill vs. Hosmer, 20 An. 219.

The remaining informalities and irregularities set forth as grounds for annulling the sale are covered by the prescription of five years established by the acts of 1835 and 1855, now embodied in Art. 3543 of the Civil Code, which runs as well against minors as persons *sui juris.*

They are the following, viz.: *Waiver of notice of order of seizure and sale.*   See Allen vs. Couret, 24 An. 24.

Want of actual seizure, the purchaser having gone into possession. See Pike vs. Evans, 4 Otto, 6.

*Postponement of sale.*   The creditor had the right to direct the postponement, with re-advertisement ; and the writ did not expire in seventy days, as claimed.   See Taylor vs. Graham, 18 An. 656 ; Monition of Hall, 21 An. 692.

*Sale for less than the inventory appraisement.*   See Fraser vs. Zylics, 29 An. 534; Herrmann vs Fontelieu, *id.* 505 ; Succession of Hood, 33 An.

These irregularities are all causes of merely relative nullity, arising in proceedings subsequent to the decree, and covered by the statutory prescription pleaded.   Woods vs. Lee, 21 An. 506.

It is a statute of repose, intended to quiet titles, and to create con-

fidence in judicial titles, at least, after the lapse of this ample and reasonable time.

We have carefully examined the authorities quoted by plaintiff's counsel, and do not find them to support the contrary views advanced by him.

The charge that no price was paid for the land, and that no debt of the ancestor's succession was extinguished thereby, is manifestly unsupported by the evidence.

We find no error in the judgment appealed from, and it is affirmed at appellant's cost.