LAND, Justice.
 

 On October 8, 1932, defendant, Mrs. D. A. Lee, obtained judgment against plaintiff, T. J. Bryson, in the sum of $20,000, with interest and attorney’s fees, in a suit via ordinaria on mortgage notes covering certain property belonging to plaintiff.
 

 On October 13, 1932, the property was seized under a writ of fieri facias; notice of sale was published in The Legal News; and the property was sold and adjudicated to defendant, Mrs. D. A. Lee, on November 23, 1932, for the sum of $1,500.
 

 Thereafter, defendant sought to execute the deficiency judgment against plaintiff, by seizing all of the other property that he owned ; but found that .all of his other property was encumbered with mortgages in the sum of $50,000, executed by plaintiff on October 9, 1932, or the day after defendant had obtained judgment against plaintiff in the sum of $20,000, which, with interest and attorney’s fees, approximated the sum of $25,000.
 

 Accordingly defendant, Mrs. D. A. Lee, filed suit to have these mortgages set aside, alleging that they were simulations, or, in the
 
 *1022
 
 alternative, that they were fraudulent preferences to plaintiff’s various children.
 

 This suit had for its object the cancellation of these mortgages and the subjection of the remaining property of plaintiff to the payment of the deficiency judgment of defendant.
 

 At that time, the remaining property of T. J. Bryson consisted of a brick building on Texas avenue, property on Texas avenue, property in Agurs, property near Forbing, and his home place on Jacobs street.
 

 At that time, also, Mrs. D. A. Lee, defendant, had title to the filling station on Texas avenue, under the sale and adjudication to her of November 23, 1932; had made improvements on the property; had paid taxes on it; and had had possession delivered to her by plaintiff, T. J. Bryson.
 

 The suit to cancel these mortgages on the remaining property of plaintiff was tried before a jury and resulted in a mistrial.
 

 Later, defendant herein, Mrs. D. A. Lee, filed a motion for judgment on the face of the papers, and shortly thereafter, on June 20, 1933, the suit was compromised, by Bryson deeding to Mrs. Lee the 112 feet on Texas avenue, known as the Maurer Bakery property, in consideration of Mrs. Lee canceling her judgment against Bryson for twenty odd thousand dollars. Mrs. Lee, under the compromise, accepted this property; assumed a certain mortgage against same held by S. J. Harmon; agreed to pay the taxes for 1933, and all costs of her suit against Bryson; and also agreed that he was to have the rent for the property for the month of June, 1933.
 

 However, on September 23, 1933, plaintiff, T. J. Bryson, brought the present suit against Mrs. D. A. Lee to' set aside the sheriff’s sale to her of the filling station property on Texas avenue of date November 23, 1932, on the ground that the sale was a nullity, for the sole reason that the advertisement had been made in The Legal News which was not a newspaper in contemplation of law. McDonald et al. v. Shreveport Mutual Building Association, 178 La. 645, 152 So. 318.
 

 Without answering the demands of plaintiff T. J. Bryson, Mrs. D. A. Lee filed a plea of estoppel, which was sustained, and plaintiff’s suit was dismissed at his costs.
 

 From this judgment, plaintiff has appealed.
 

 In the McDonald Case, above cited, it is true that this court held that the sale under executory process made in that case was invalid, because notice thereof was never legally advertised in a newspaper, but was published only in a trade sheet, printed and distributed in the city of Shreveport, under the name of “The Legal News.”
 

 But the question, as to whether the irregularity in the notice of sale in that case constituted a radical nullity or a mere relative nullity, was not passed upon by the court.
 

 That such irregularity was a mere relative nullity is apparent, when the absolute want of advertisement is a mere informality or relative nullity, and may be cured by the prescription of five years. Louaillier v. Castille, 14 La. Ann. 777. This being true, the sale in this case can be ratified, or a plea of estoppel may be applicable to it, if justified by the facts of the case.
 

 
 *1024
 
 In the review of the testimony in the case, the trial judge said:
 

 “If the testimony of Mr. Bryson, when first placed upon the witness stand upon cross-examination was to be accepted as true, we could only reach the conclusion that there was a concealment on his part when the so-called compromise was entered into. But at the time of the so-called compromise, we do not think that Mr. Bryson — and his other testimony shows it — had any idea of ever contesting the sale of November 23, 1932, for any cause whatever.
 

 “The facts in regard to the settlement of June 20, 1933 are very fully shown in the testimony of Mr. A. L. Alexander, representing Mrs. Lee, and of Judge Barnette, representing Mr. Bryson.
 

 “We have no hesitancy in arriving at the conclusion that at that time Mrs. Lee considered that she owned the filling station property and Mr. Bryson had’the same idea of it, and that nothing further would be done in regard to that property.
 

 “We further have no hesitancy, in arriving at the conclusion that the consent of Mrs. Lee to enter into the agreement of June 20, 1933, was based solely and entirely on the fact that she already had the filling station property, which was of a great deal more value than the amount she had paid for it at sheriff’s sale, and for that reason, she was willing to accept the other property offered by Mr. Bryson in satisfaction of her deficiency judgment; and that she never would have entered into the agreement of June 20th except on that basis.
 

 “In determining the question of equity, we do not consider that the cotírt has any right to substitute its personal judgment as to what is equitable when positive law has spoken and told the parties what their legal rights are. When the positive law sets forth what the, legal rights of a party are, then legally speaking, it is not unequitable to enforce those rights, and whatever our personal opinion may be in a situation of that kind, and especially in the present situation, there is nothing left for this court to do but to determine the plea of estoppel upon the basis set forth above.
 

 “It is argued by plaintiff in the present suit that Mrs. Lee has suffered no loss by reason of the cancellation of the deficiency judgment, for she received for that, property fully worth the amount of the judgment, and that she could not suffer any loss by reason of same.
 

 “Whether she received property equal in value to the amount of the judgment is. not the sole question to be determined in arriving at a conclusion on the plea of estoppel. The question to be determined on this point is whether she has been caused to change her position to her disadvantage. We think the fact that she had the filling station property undoubtedly entered into the agreement of June 20, 1933.
 

 “If the filling station property is taken away from her, and the cancellation of the judgment remains, then, in our mind, she has undoubtedly been caused to change her position to her detriment. It may be that some people would be satisfied to give up .the property, but Mrs. Lee evidently is not; and when she seeks to enforce her legal rights, we do
 
 *1026
 
 not think that this court has a right to tell her that she cannot do so, whatever may be the general trend of public opinion in regard to execution of a deficiency judgment.
 

 “If Mr. Bryson was in a position, and had offered to restore the status quo, the situation might possibly be different; but when he got himself out of a bad financial tangle in the way he did, we can see no other result but to let matters stand as they are.
 

 “Mrs. Lee may have had the whip-hand over Mr. Bryson and caused him to jump in the financial ring, but she was exercising only her legal rights, and as the settlement of June 20th was undoubtedly, to our mind, based on the filling station property, we are bound to come to the conclusion that the plea of estoppel is good.
 

 “For the foregoing reasons the plea, of estoppel is sustained.”
 

 We concur in the foregoing finding of facts and conclusions reached by the able trial judge.
 

 Judgment affirmed.
 

 O’NIELL, C. J., takes no part.