179 So. 460

**ERNEST REALTY CO., Inc., v. HUNTER CO., Inc.**

No. 34460.

Feb. 7, 1938.

Rehearing Denied March 7, 1938.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellee.

FOURNET, Justice.

The Ernest Realty Company, Inc., plaintiff, alleging that it was in possession as owner of lot 4 of the resurvey of lots 10 and 11 of the Cora E. Smith subdivision of Caddo parish, La., and that the Hunter Company, Inc., defendant, slandered its title by claiming to be the owner of a portion thereof, instituted an action in jactitation and also for damages and attorney's fees.

The defendant, after filing several dilatory pleas and exceptions, for answer to the petition, denied plaintiff's possession or ownership of the property and set up title in itself to the N½ of the NE¼ of the NE¼ of the NW¼ of section 16, township 17 north, range 14 west, comprising five acres, and averred that it and its vendors in title have been in possession of the property ever since it acquired the same from Benjamin B. Smith, from whom plaintiff also traces its title to lots 10 and 11 of the Cora E. Smith subdivision, and that whatever portion of lot 4 of the resurvey of said lots, which may be included in the said five acres, did not vest in plaintiff by reason of the fact that the same was included in the former sale by their common author in title.

Plaintiff then pleaded the prescription of ten years acquirendi causa under article 3478 of the Revised Civil Code.

There was judgment for the plaintiff sustaining the plea of prescription and decreeing it to be the owner of the property but denying its claim for damages. The defendant appealed and plaintiff answered the appeal asking that it be awarded the damages and attorney's fees rejected by the lower court.

The record shows that both plaintiff and defendant trace their title to a common author, Benjamin B. Smith. Duff S. Clement, from whom defendant deraigned its title, acquired from B. B. Smith the N½ of the NE¼ of the NE¼ of the NW¼ of section 16, township 17 north, range 14 west, comprising five acres, by warranty deed dated June 9, 1906, which deed was recorded the same day. Subsequently, B. B. Smith created the Cora E. Smith subdivision and included in lot 11 thereof the western portion of the property which he had previously transferred to Duff S. Clement, and on February 20, 1907, sold said lot 11 to Steven F. Steere, from which deed plaintiff traces its title.

The testimony conclusively shows that ever since the five acres were acquired by Duff S. Clement there has been a residence on the northeast corner of the property, which has been occupied by the several owners of the property, including the President of the defendant company, to the date of the filing of this suit. But plaintiff claims that that portion of lot 11 of the Cora E. Smith subdivision comprising the eastern portion of lot 4 of the resurvey thereof overlapping the western portion of the five acres, originally sold to Duff S. Clement by their common author in title, is and has been ever since originally acquired by Stephen F. Steere in 1907 clearly set off and separated from the remaining portion of the said five-acre tract by a large ditch and a barbed wire fence on each side thereof which formed the eastern inclosure of plaintiff's property and that it and its vendors in title have been in adverse possession thereof without interruption and in good faith, beginning with the year 1923, in that it granted an advertisement permit to the B & B System, Inc., which erected and maintained large signboards on the property; and that it also had the property in cultivation through tenants and granted a right of way to the state authorities for the construction of a road fronting on the property in accordance with the title claimed by it.

It is a well settled and established principle of law that where the legal and rightful owner of a tract of land has actual possession of a part thereof, he is in legal and constructive possession of the whole, except such portion thereof that may be in the actual possession and occupancy, by inclosure or otherwise, of a party claiming either by title under article 3478 or thirty years' adverse possession. The reason for the rule is that both cannot have constructive possession, article 3499. Moore Planting Co. v. Morgan's Louisiana & T. R. & S. S. Co., 126 La. 840, 53 So. 22, and cases therein cited with approval. See, also, 1 Ruling Case Law, § 14, p. 701; 2 Corpus Juris, § 525, p. 242; 2 Corpus Juris Secundum, Adverse Possession, § 194, p. 799, and Depu-

tron v. Young, 134 U.S. 241, 10 S.Ct. 539, 33 L.Ed. 923, 930.

The question for our determination, therefore, is whether plaintiff has established its claim to the property in controversy by the actual possession and occupancy thereof by enclosures or otherwise to give it title thereto under its plea of prescription.

The record shows that there was a drainage ditch with an old barbed wire fence on each side thereof running from the Greenwood Road, south, through the five-acre tract of land originally purchased by Duff S. Clement from B. B. Smith and now owned by the defendant except one acre in the northeast corner. The portion on the west side of the ditch (the property in controversy) has a frontage on the Greenwood Road of approximately 220 feet and comprises about one acre of land. It is conceded that there was an old fence on each side of the ditch above referred to but that neither was ever maintained either by the plaintiff or the defendant and they have been abandoned. According to the testimony in the record, the only evidence of the existence of the fences at the time the suit was filed and, for several years prior thereto, was the old rusty barbed wires and decayed posts found in the briars and underbrush on the banks of the ditch. The evidence is not clear as to when plaintiff's fence enclosing the front portion of its property along the Greenwood Road was abandoned, but it appears that no fence has been there for a number of years. We find, however, the uncontradicted testimony of Mr. J. F. Palmer, who stated that at the time he acquired the five-acre tract (now owned by the defendant) in 1923, there were old barbed wire fences along the ditch which crossed the property and that he purposely removed them to avoid any possibility of an adverse claim to his property because of the existence of the fences. He claims that he did this on advice of counsel.

We have carefully analyzed the evidence adduced by the plaintiff in support of its contention which, without giving in detail the testimony of each witness, reveals that about the year 1924, the B & B System, under a permit granted by E. R. Bernstein, one of plaintiff's predecessors in title, erected several large billboards in the center of its property (lots 10 and 11, etc.), and while the locations of the billboards were changed from time to time, this system of advertising continued on the property to the date of the filing of this suit. Some of the testimony shows that one of the signs was located on the property in dispute but was subsequently removed therefrom and placed on lot 3 of the resurvey of the Cora E. Smith subdivision. The testimony of the plaintiff's witnesses, however, as to the time of the erection of the sign, or the duration of the time it remained there, as well as to the exact location thereof, is very indefinite. The record shows that the testimony of its several witnesses is conflicting, one with the other. As to the proof in support of its allegations that the property has been in cultivation, we find the testimony of its witnesses equally conflicting one with the other and indefinite as to the

time and extent of the cultivation, as well as to the exact portion of the property on which these activities took place.

On the other hand, defendant produced a number of witnesses who were very well acquainted with the property, many of whom lived in the immediate vicinity of the property. They were more specific and accurate in their testimony with reference to the time and location of the portion of the property cultivated and also with respect to the general condition thereof, which shows that the only cultivation of the property in recent years was in 1932 and 1933 and of the rear portion thereof and in no wise encroaching on the property claimed by defendant. All that needs to be said about the testimony of defendant's witnesses with reference to the signboards erected on the property in controversy is that Mr. J. F. Palmer testified that during his ownership of the property a signboard was erected by the B & B System on a portion of his property west of the ditch, and upon his request it was removed. In this respect he is not contradicted; in fact, he is, in effect, corroborated by plaintiff's witness, Mr. McFadin, who testified that on behalf of the B & B System he erected a sign on lot 4 near the ditch which he later moved to lot 3. Moreover, the testimony is conclusive that there was no signboard on the property at the time of the filing of the suit and for some time prior thereto.

The defendant, having prior constructive possession of the property by senior title from a common author, the burden of proof was on the plaintiff to show the exact limits of its actual possession of the portion of the property covered by the defendant's title claimed by it, as well as to show that such possession was open, unequivocal and continuous for a period of more than ten years. It is our opinion that the evidence adduced by the plaintiff not only fails to carry out that burden but its claim of adverse possession has been completely refuted by the evidence tendered by the defendant. Plaintiff's plea of prescription acquirendi causa must, therefore, be overruled.

Counsel for plaintiff argued in brief and orally that, because defendant acquired title by sheriff's sale which, on its face, is shown to have been advertised in the Legal News, recently declared by this court, in the case of McDonald v. Shreveport Mutual Building Association, 178 La. 645, 152 So. 318, not to be a "newspaper" and an advertisement of the sale therein amounted to no advertisement, defendant's title was void and it (plaintiff) had the better record title.

In the McDonald Case cited by plaintiff's counsel, the seized debtors instituted injunction proceedings against the sheriff and the seizing creditor, alleging the invalidity of the sale of their property because the sale thereof had been advertised in the "Daily Legal News," and we held that that publication, as shown by the evidence, was not a newspaper within the contemplation and requirements of the statutes of this State requiring advertisements of judicial and legal proceedings and sales to be published in newspapers. But in the

case of Bryson v. Lee, 181 La. 1019, 160 So. 797, 798, we held "that such irregularity was a mere relative nullity is apparent, when the absolute want of advertisement is a mere informality or relative nullity, and may be cured by the prescription of five years. Louaillier v. Castille, 14 La.Ann. 777." The instant case was filed more than five years after the adjudication of the property to the defendant. See our decree in the case of Williams v. Burnham, 189 La. 376, 179 So. 459.

It is plaintiff's contention, however, that the doctrine of "quae temporalia sunt ad agendum, sunt perpetua ad excipiendum" applies in the case at bar and therefore the plea of prescription of five years under article 3543 of the Revised Civil Code, as amended by Act No. 231 of 1932, cannot be successfully pleaded against its claim by defendant in this case.

The authorities cited by counsel in support of plaintiff's contention are not applicable to the facts of the case at bar. In the case of Delahoussaye v. Dumartrait, on rehearing, 16 La. 91, this court held that the doctrine invoked here by the plaintiff applies only in favor of the defendant in possession of the property or the right sought to be recovered from him.

As stated in that case in the original opinion of the court (Delahoussaye v. Dumartrail, 4 La. 368) "the object of the suit was to render a tract of land in the possession of the defendant liable to the plaintiff's claim on his curator, whose property the land was, theretofore. The defendant pleaded that the plaintiff had by a notarial act, in which he was assisted by his curator, renounced his right of mortgage on the premises; and although he, the plaintiff, was then a minor, he could not now seek relief against such an act on the score of nullity or lesion, as more than four years had elapsed between his coming of age and the date of the renunciation." On rehearing (16 La. 91, 92), this court disposed of the case as follows:

"It appears to us that the decision to be made, on the plea set up by the defendant, depends on a correct application of the *rule quæ temporalia sunt ad agendum; sunt perpetua ad excipiendum,* which is invoked by the plaintiff. If he is not entitled to its protection, his renunciation has become binding on him, as much so, as if he had ratified it after becoming of full age. This rule, which is derived from the Roman jurisprudence, has often been improperly applied, and made to cover direct demands under the name and form of exceptions. *It is now, however, well understood to exist only in favor of a defendant in the possession or exercise of the property, right or position attempted to be taken from him.* * * *

"Such an extraordinary course, would evidently cover an attempt to evade the law, debarring him from the right of bringing a direct action of rescission. 7 Toullier, No. 602. So, in the present case, the exception invoked by the plaintiff in a suit brought by himself, would, if sustained, give him all the advantages he could derive from a direct action of nul-

lity against his renunciation, had he brought it in due time. This cannot be. *An exception has for its object to maintain the defendant in the situation he stands in, while an action aims at obtaining a change of the statu quo. Here the person making the exception, is not contending to preserve his position, but to better it by avoiding a renunciation, the benefit of which has been enjoyed by the defendant, during a lapse of time sufficient, in law, to protect him against the effects of a direct action of nullity. The plaintiff must, therefore, be viewed in the light of one seeking indirectly to exercise an action of nullity, which is prescribed; and not as a defendant entitled to the benefit of the well known rule tamdiu durant exceptio quandiu actio;* for no action has been brought against him, which gives rise to such exception. 2 Troplong, verbo Prescription, No. 832, page 410. 17 Merlin's Repertoire du Jurisprudence, verbo Prescription, page 441, 442." (Italics ours.)

In the case at bar, as in the foregoing case, the plaintiff is not contending to preserve its position but to better it by avoiding the acquiescence of the seized debtor in the sale of his property to defendant, the benefit of which has been enjoyed by it during the lapse of time sufficient in law to protect it against a direct action of nullity, and it (plaintiff) "must, therefore, be viewed in the light of one seeking indirectly to exercise an action of nullity, which is prescribed. * * *" We, therefore, conclude that plaintiff's claim to a better record title is without merit.

For the reasons assigned, the judgment of the lower court is annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant, the Hunter Company, Inc., rejecting the demands of plaintiff and dismissing its suit, and decreeing defendant, the Hunter Company, Inc., to be the owner of all the N½ of the NE¼ of the NE¼ of the NW¼ of section 16, township 17 north, range 14 west, in Caddo parish, La., except one acre in the northeast corner thereof; all costs to be paid by plaintiff.

O'NIELL, C. J., dissents.

HIGGINS, J., absent.