*377
 
 O’NIELL, Chief Justice.
 

 The plaintiff is appealing from a judgment rejecting her demand to annul a sheriff’s sale of a house and lot, seized and sold in a foreclosure proceeding that was brought by the present defendants, Mrs. Etta B. Burnham and Edwin L. Blewer, against the present plaintiff, Mrs. Althea N. Williams. The cause for which the plaintiff in this suit seeks to annul the sale is that it was advertised in a publication called the “Daily Legal News,” which this court declared, in McDonald v. Shreveport Mutual Building Association, 178 La. 645, 152 So. 318, was not a “newspaper,” in the meaning of the law requiring judicial sales to be published in a newspaper. The defendants in the present suit pleaded that the alleged nullity was not an absolute nullity "but only an -irregularity or a relative nullity, and that the sale was ratified by the plaintiff in this suit. The nullity complained of is only a relative nullity and is therefore subject to ratification by the party whose property has been sold. It was so decided in Bryson v. Lee, 181 La. 1019, 160 So. 797. The plaintiff in the present case, Mrs. Williams, ratified the sale in this way: On the ■day of the sale, and a short time before the sale, she asked one of the plaintiffs in the foreclosure proceeding, namely, Edwin L. Blewer, who was an attorney at law and who represented also the other plaintiff, Mrs. Burnham, for a postponement of the sale, to allow her, Mrs. Williams, an opportunity to complete certain negotiations for a loan with which she .would pay off the mortgage which was being foreclosed. Mr. Blewer refused to postpone the sale, but agreed that, if he should buy the property for himself and Mrs. Burnham, at the sheriff’s sale, he would allow Mrs. Williams a reasonable time-in which to repurchase it for the amount which she owed to him and Mrs. Burnham. Mrs. Williams had failed to pay the taxes on the property, and it had been sold to the state for the delinquent taxes. Hence it was agreed by and between Blewer and Mrs. Williams that she would reimburse Blewer and Mrs. Burnham for the cost of redeeming the property; which the sheriff required before he would give a deed for the property. Soon after this agreement was had between Blewer and Mrs. Williams, and before the sheriff offered the property for sale, the attorney who represented Mrs. Williams and who contemplated bidding at the sheriff’s sale, was informed by Blewer of the understanding that was had with Mrs. Williams, and was satisfied therewith. The result was that the property was sold to Blewer and Mrs. Burn-ham, at a bid less than the amount due them. Thereafter Blewer informed Mrs. Williams that she would have to pay rent if she continued to occupy the premises while she was endeavoring to borrow the money with which to repurchase the property; and she agreed to pay the stipulated rent, and did in fact pay it for the first month. Thereafter she defaulted in the payment of the rent, and, without protest, complied with the demand of Blewer that she vacate the premises. A year and eight months after-wards she brought this suit to. annul the sale. Mrs. Williams lost nothing by acquiescing in the sale of the property to Blewer and Mrs. Burnham, with the hope of re
 
 *379
 
 purchasing it for the amount which she owed them. She believed it to be to her advantage for them to buy the property at the sheriff’s sale, because she hoped to buy it from them for the debt which she owed them. From her standpoint, therefore, it would not have been advantageous to Mrs. Williams if the publication of the notice of sale had been more general than that which the circulation of the Daily Legal News afforded'. As far as 'this record shows, Blew-er and Mrs. Burnham .have never demanded that Mrs. Williams pay them the difference between the amount of her indebtedness and the amount of their bid for the property. Our conclusion is that Mrs. Williams’ dealings with Blewer and Mrs. Burnham, in an endeavor to regain a title through them, constituted a recognition and ratification of their title.
 

 The judgment is affirmed.