180 So. 648

## PHŒNIX BUILDING & HOMESTEAD ASS'N v. MERAUX.

### No. 34638.

March 7, 1938.

Rehearing Denied April 4, 1938.

Charles J. Rivet and Louis H. Yarrut, both of New Orleans, for appellant.

William F. Roy, Jr., of Arabi, and James J. Landry, of New Orleans, for appellee.

FOURNET, Justice.

This is a suit for specific performance instituted by the Phoenix Building & Loan Association, now in liquidation, to compel the defendant to accept title to real estate in accordance with his contract of purchase with the plaintiff. It is alleged in plaintiff's petition that the defendant

has refused to accept the title tendered him on the ground that it is defective, in that plaintiff acquired the property at a sheriff's sale which was not made on the date fixed in the advertisement but was made the Saturday of the week following.

Defendant excepted to the petition on the ground that it did not disclose a cause of action, which exception was sustained by the trial judge, and plaintiff has appealed.

The defendant's contention, which was sustained by the trial judge, is that the alleged defect in plaintiff's title constituted a radical nullity, not prescribed under the provisions of article 3543 of the Revised Civil Code, as amended by Act No. 231 of 1932. Counsel for defendant concedes, however, that if the contention of plaintiff is correct, i. e., that such defect is a relative nullity only, the defect is cured by the prescription of two years.

Article 3543 of the Revised Civil Code, as amended by Act No. 231 of 1932, reads as follows:

"Any and all informalities of legal procedure connected with or growing out of any sale at public auction of real or personal property made by any sheriff of the parishes of this State, licensed auctioneer, or other persons, authorized by an order of the courts of this State, to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were part owners at the time of making it, and in the event of such part ownership by said minors or

interdicted persons, the prescription thereon shall accrue after five years from the date of public adjudication thereof."

Prior to the amendment, article 3543 read as follows:

"All informalities connected with or growing out of any public sale, made by any person authorized to sell at public auction, shall be prescribed against by those claiming under such sale, after a lapse of five years from the time of making it, whether against minors, married women or interdicted persons."

Thus it may be seen that the only material change made by the amendment of the codal article was the reduction of the period of prescription from five to two years in so far as it affects persons who are sui juris, and therefore the jurisprudence under article 3543 as to what constitutes informalities within the meaning and contemplation of the article controls in this case.

This court, in the case of Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800, 802, enunciated the rule upon which to determine whether a defect in a judicial sale is a mere informality and constitutes a relative nullity within the meaning and contemplation of article 3543, as follows:

"The word 'form' is commonly used, particularly in referring to laws and legal proceedings, as the antithesis of 'substance,' and *the meaning of the statute above recited is that irregularities and illegalities in public sales which do not reach matters that are of the essence of those contracts, or prejudicially affect the substantial rights*

*of the parties who may be interested therein, shall be prescribed against after the lapse of five years."* (Italics ours.)

Following the foregoing is the statement that:

"In particular cases it has been held that, where the law requires that property which is to be sold shall be first appraised and shall bring its appraised value, or a given proportion thereof, after having been advertised in a manner and for a period specified, *the omission to appraise, failure to obtain the amount of the appraisement, or the proportion required, and error or failure in the matter of the advertisement, are informalities which are cured by the prescription here relied on.* This may well be true, since the matters of substance involved in making a public sale are that the parties interested shall be afforded equal opportunities, and that the property shall bring as fair a price, the circumstances considered, as could reasonably be expected; and all this may be accomplished notwithstanding that there have been the omissions and failures mentioned. *But if, by reason thereof, interested parties are deprived of their rights, or the main purpose in selling the property is defeated, and injury results, such omissions and failures affect, and themselves become, matters of substance, and can no longer be regarded as mere informalities."* (Italics ours.)

See, also, Munholland v. Scott, 33 La. Ann. 1043; Arceneaux v. Cormier, 175 La. 941, 144 So. 722; Samuels v. Parsons, 146 La. 262, 83 So. 548; Nagel v. Clement, 113 La. 192, 36 So. 935; Louaillier v.

Castille, 14 La.Ann. 777; Bryson v. Lee, 181 La. 1019, 160 So. 797; Ernest Realty Company, Inc., v. Hunter Company, Inc., 189 La. 379, 179 So. 460, decided February 7, 1938.

As stated in the case of Munholland v. Scott, supra, *the article is "a statute of repose, intended to quiet titles, and to create confidence in judicial titles."* (Italics ours.)

In the light of the foregoing authorities, it not having been shown in what manner the irregularity or defect complained of in this case reaches matters of the essence of a contract or prejudicially affects the substantial rights of any one who may be interested therein, such irregularity or defect is an informality and a relative nullity cured by the prescription provided in article 3543 of the Revised Civil Code, as amended by Act No. 231 of 1932.

For the reasons assigned, the judgment of the lower court maintaining the exception of no cause of action is annulled and set aside; the exception is overruled, and it is now ordered that the case be remanded to the lower court for further proceedings consistent with the views herein expressed; costs of appeal to be paid by appellee, all other costs to await the final determination of the matter.

HIGGINS, J., absent.

On Application for Rehearing.

PER CURIAM.

The plaintiff in whose favor judgment was rendered in this court filed an appli-

cation for rehearing, pointing out that certain language used in the opinion might be construed in a way to make the decree nugatory. We intended no such result. The language we used in the second to last paragraph and objected to by the plaintiff is in the nature of a comment upon the last few lines quoted from Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800.

In the case of Bryson v. Lee, 181 La. 1019, 160 So. 797, this court held that, where the advertisement of a sale of real estate was published in a newspaper that was not a legal publication, it was a relative nullity and cured by prescription. The basis of that decision was the case of Louaillier v. Castille, 14 La.Ann. 777, where the court held that an absolute want of advertisement was an informality and relative nullity. Both of these cases were cited with approval in the case of Ernest Realty Company, Inc., v. Hunter Co., Inc., 189 La. 379, 179 So. 460, decided February 7, 1938. All of these authorities are cited in our original opinion.

In view of the holding of this court in those cases, it is obvious that the postponement by the sheriff of the sale to a day other than that stated in the advertisement is a mere informality and relative nullity and consequently cured by prescription of two years under the law. This conclusion is so clear that the uncertainty in our opinion will be corrected by this per curiam rather than grant a rehearing for that purpose.

Rehearing refused.