SIDNEY COHEN, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Bronx County, September 23, 1953.

*Morris Wagman* for plaintiff.

*Denis M. Hurley, Corporation Counsel (Murray Krukin* of counsel), for defendants.

EDER, J.   Motion for injunction *pendente lite,* to restrain and enjoin defendants from executing contracts for purchase by the City of New York from National Hospital Supply Co., Inc., and Hillside Metal Products, Inc., of certain merchandise designated as class No. 1 furniture and equipment and class No. 2 furniture and equipment, is granted.

In May, 1953, the commissioner of purchase of the City of New York invited a submission of bids for metal and wooden

office furniture and equipment in accordance with certain specifications and requirements. At the time the invitation was extended he issued to such bidders special instructions, including the following provision: " *Qualifications of Bidders.*— Bids will be considered from individuals, firms or corporations regularly engaged in the business covered by this proposal. Bidder shall be possessed of satisfactory ability, equipment and organization to insure speed and satisfactory service as may be called for. Bidder must have a place of business or warehouse in New York City."

In addition to these qualifications subdivision b of section 343 of the New York City Charter provides that the bid of the lowest responsible bidder must be accepted.

It appears from the record presented that eight bids were filed with the commissioner of purchase with respect to class No. 1 furniture and equipment; that the lowest bid, $34,506 net, was filed by Hillside; that the next lowest bid, $37,059.84 net, was filed by Art Steel Sales Corp., and that the next lowest bid, $41,222.72 net, was filed by National Hospital Supply Co., Inc. The bid of National was accepted.

It further appears that Hillside, the lowest bidder, was not the lowest responsible bidder; that the lowest responsible bidder was Art Steel Sales Corp., whose bid was $4,162.88 less than the bid submitted by National Hospital Supply Co., Inc.

Regarding class No. 2 furniture and equipment, it appears that four bids were filed with the commissioner of purchase; that Hillside Metal was the lowest bidder, $31,806, net; that the next lowest bidder was National Hospital Supply, $34,117, net. The bid of Art Steel Sales, $34,179.84, it is maintained, should have been accepted since it was the lowest responsible bidder inasmuch as neither National Hospital Supply nor Hillside Metal Products qualified as bidders within the provisions of the mentioned special instructions to bidders.

The defendants in their answering affidavit do not claim that Art Steel Sales Corp., was not a responsible bidder.

The record discloses that Art Steel Sales submitted its bid along with seven other bidders and that despite the fact that the bid of National Hospital Supply Co., Inc., was higher than the bid of Art Steel Sales, the former's bid was accepted.

It is plaintiff's contention (this is a taxpayer's action under General Municipal Law, § 51) that such acceptance was, therefore, unlawful, illegal and void.

The bid of Art Steel **Sales** was rejected on the sole basis that its filing equipment was not equal to the equipment manufac-

tured by other concerns. As to this feature there is ample support for the contention that the filing equipment of Art Steel Sales Corp., was equal or superior to the equipment of others. Be that as it may, there are other factors, *undenied,* of substantive character, which, in the opinion of the court, conclusively establish that neither National Hospital Supply Co., Inc., nor Hillside Metal Products, Inc., were qualified bidders within the requirements set forth in the provision regarding " Qualifications of Bidders."

The language of this provision is clear and unambiguous. The qualifications required to be met are not mere formalities but matters of essence and substance, viz., (1) the bidder must be regularly engaged in the business covered by the proposal; (2) possessed of satisfactory ability, equipment and organization to insure speedy and satisfactory service as may be called for; (3) bidder must have a place of business or warehouse in New York City.

The record reveals that neither National Hospital Supply Co., Inc., nor Hillside Metal Products, Inc., was regularly engaged in the business covered by the proposal, nor did they have a place of business or warehouse in this city.

With respect to National Hospital Supply Co., Inc., investigation disclosed it is a corporation *not regularly engaged* in the business covered by the proposal submitted by the defendant as commissioner of purchase of the city, but, as its name implies, it deals in various items and specializes in hospital supplies; and that the commercial report of this concern indicates that it is classified under hospital supply classification of the United States Government and not under office equipment. The individuals in that concern, it appears, were formerly in the department of hospitals of the city. It maintains a small office at No. 38 Park Row where it has some files which appear to be used for its own purposes and some items of hospital equipment.

These allegations and facts stand undenied. It is to be noted that the defendants have not submitted an affidavit of any officer of this concern to dispute the above allegations of plaintiff, nor is any reason or explanation forthcoming in that regard. Nor is it claimed or shown that this concern has a warehouse in this city.

The maintenance of this office and display of some items of hospital equipment do not meet the requirements of being " regularly engaged " in the business " covered by " the proposal, i.e., the business of furnishing and supplying office equipment. The above is not being regularly engaged in or doing

business as understood in law or as contemplated by the mentioned qualification provision (*Debrey* v. *Hanna,* 45 N. Y. S. 2d 551).

In the light of the above-established, undenied facts, the acceptance of National bid over that of Art Steel Sales Corp. was an unauthorized and illegal departure from the provision concerning the qualifications of bidders, and void. In view of the established and undenied facts, the commissioner of purchase should have and was required to accept the bid of Art Steel Sales Corp. as the lowest responsible bidder, though it is not inapposite to comment on the fact, also, that Art Steel's bid was $4,162.88 less than the bid submitted by National Hospital Supply.

As to Hillside Metal Products, Inc., relative to class No. 2, furniture and equipment, four bids were filed with the commissioner of purchase. Hillside was, as mentioned, the lowest bidder in the sum of $31,806, net; next lowest bidder was National Hospital Supply in the sum of $34,117, net, and the next lowest bidder was Art Steel Sales Corp. in the sum of $34,179.84, net.

Hillside Metal, it is undisputed, is located in Newark, New Jersey, where its entire factory, machinery and business are located. It did not and could not qualify as it does not have a place of business or warehouse in this city. In its bid it gave as its address 1819 Broadway, borough of Manhattan, New York City and as its telephone number COlumbus 5-7555.

Upon investigation this address and telephone number were revealed to be that of a lawyer; nowhere, on the office door, nor on the wall directory of the building, nor in the telephone directory does the name of Hillside appear. It is even unknown to the elevator starter of the building, who, we know, generally knows or has the name of every tenant and the names of those having offices there. Even if such listings did appear they do not constitute doing business or being regularly engaged in business in this city, as a matter of law, nor as contemplated within the provisions of the mentioned qualifications of bidders requirements.

What is contemplated and intended by the mentioned qualifications of bidders provision is bona fide compliance and qualification, and not subterfuge and evasion.

A reading of the opposing affidavit makes clear that defendants recognize the importance of this failure of qualification but it is sought to minimize and avoid its effect by reference to section 23 of the instructions to bidders, a rather curious premise

to submit, i.e., that the commissioner reserved the right to waive any " informality " in a bid when it would be in the interest of the city.

Failure to meet or comply with basic requirements is not a mere informality; such a failure is fundamental. Informality does not reach matters of essence and substance. Informality is want of regularity as to that which is not basically essential. Informality is the antithesis of formality and regularity and its distinguishing feature is that it does not affect essence and substance (*Phoenix Bldg. & Homestead Assn.* v. *Meraux,* 189 La. 819).

Here, the qualifying requirements above referred to were and are of a fundamental nature and do not come within the category of informality.

It may here, also, be remarked that the above allegations and facts concerning Hillside's failure to meet the qualifications of bidders, for the reasons stated, also stand uncontroverted, with no affidavit submitted by this concern to sustain the opposition, nor any explanation given for failure to obtain and submit it if the verity of the mentioned allegations can be challenged.

It is difficult for the court to conceive how, upon the state of the record, it could do otherwise than conclude, and hold, as it does, that the acceptances of the bids of National Hospital Supply and of Hillside Metal Products over Art Steel Sales Corp., were in direct violation of the provision regarding qualifications of bidders and, as well, in violation of subdivision b of section 343 of the City Charter, and are illegal, null and void, and plaintiff is entitled, in the opinion of the court, to enjoin and restrain defendants, and each of them, from awarding or executing a contract to and with National Hospital Supply Co., Inc., and Hillside Metal Products, Inc., with respect to the purchase of furniture and equipment, in class No. 1, and class No. 2, as applied for.

Settle order.