LOUISA BREAUX *v.* EMILIEN CARMOUCHE.

A married woman, under twenty-one years of age, cannot make a valid renunciation
of her privileges and mortgages on the property of her husband, in favor of his
creditors.   Act of 15 March, 1835.
Emancipated minors cannot, except under certain restrictions, and to a limited extent,
dispose of their property, or renounce their rights.   C. C. 376, 377.
It is not necessary to record the mortgage or lien given by law to secure the parapher-
nal property of the wife, in order to give it effect against third persons.

APPEAL from the District Court of Lafayette, *Boyce*, J.
*Voorhies* and *I. E. Morse*, for the plaintiff.
*Crow, Porter, T. H.* and *W. B. Lewis*, for the appellant.

GARLAND, J.   The plaintiff alleges, that she has obtained a
judgment against her husband for the sum of $3,852 24, and

for certain property in kind; also a separation in the administration of her rights. That a large portion of her aforesaid judgment remains unpaid, and that a legal mortgage is decreed to exist in her faver, on all the immoveable property which belonged to her husband, from the 7th day of June, 1841. That in the suit in which said judgment was rendered, the defendant, Carmouche, was an intervenor, as an opposing creditor. These facts are established by evidence in the record. It is further proved that, on the 21st September, 1841, Carmouche obtained from F. T. Breaux, the plaintiff's husband, a mortgage on a slave named Peggy and her child named Cora, for the purpose of securing a debt due by said Breaux for $512 91, with interest. In this act the plaintiff appears, and make a renunciation of all her rights of mortgage and privilege to secure the restoration of her property, of every kind. The renunciation is in the most full and ample form. The defendant, Carmouche, brought a suit against Breaux on the act of mortgage, and obtained a judgment, had the woman and child sold, and purchased them himself. In the judgment against Breaux, the judge declares the renunciation of the plaintiff legal and valid, although no such allegation was made, nor such question put at issue; nor was she a party to the suit. She now sues to annul and set aside this renunciation, on the ground that she was a minor when she made it, and for the purpose of enforcing her legal mortgage on the woman Peggy and her child Cora. There is no dispute about the facts, which all appear by authentic documents; and the fact of the plaintiff being under twenty-one years of age when she made the renunciation, is admitted.

There was a judgment in favor of the plaintiff, and the defendant, Carmouche, has appealed.

In the argument our attention has been drawn to a number of questions, but we only think it necessary to decide upon two, which are: whether the plaintiff is bound by her renunciation in the act of the mortgage, made whilst she was a minor; and whether it is necessary to record the mortgage or lien of the wife given by law to secure her paraphernal property, to give it effect against third persons.

The act of 1835, sect. 2, (B. & C.'s Dig. p. 553) says, that

married women, who have attained *the age of twenty-one years, may make a renunciation of their liens and mortgages in favor of the creditors of their husbands, when certain formalities are pursued. This limitation in the act would of itself seem to argue, that when the wife was under twenty-one years of age she could not make a renunciation. But suppose it does not mean that ; and suppose further, that a married woman of full age, could, before the act of 1835, renounce her rights in favor of the creditors of her husband, still it does not prove that a woman, emancipated by marriage only, could do so. It is very certain that emancipated minors cannot, except under certain restrictions, and to a certain extent, dispose of their property ; nor can they, except under the same restrictions and limitations, renounce their rights, which is equivalent to an alienation. Civil Code, arts. 376, 377.

The question of the effect of the legal or tacit mortgage of the wife to secure her paraphernal property, without its being recorded, was argued, examined and decided in the case of *Pain* v. *Perret,* 10 La. 302. The same question has since been presented in a case in the Eastern District.

We have not been convinced by the argument that the court was in error in those opinions.

*Judgment affirmed.*