BLACKLY<br>v.<br>MATLOCK.

---

## BORDELAIS v. MAUGARS.

Where, in an action on a foreign judgment, the petition alleges that a note, which was the original evidence of the debt, is merged in the judgment, and the action cannot, under the evidence, be maintained upon the judgment, the petition must be dismissed. The action cannot, under the pleadings, be sustained on the note.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *Sigur* and *Bonford*, for the plaintiff. *Pilié* and *LeGardeur*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The petition alleges that, in 1823, the plaintiff was the holder of a note of the defendant's, payable in that year. That it was protested at the town of Clermont-Ferrand in France, where the parties both resided; that, in 1824, the plaintiff brought suit against the defendant upon it, before the Tribunal of Commerce at that place, being a court of competent jurisdiction; that, after due citation, such proceedings were had that, in that year, the defendant was condemned to pay the amount of the note, interest, and costs; which judgment, petitioner avers, is still in full force and effect, not in any wise satisfied, reversed, or annulled; that execution was taken out on the judgment, and returned; and that signification thereof, at the defendant's domicil, was duly made.

BORDELAIS
*v.*
MAUGARS.

At the trial of the cause a transcript of the proceedings of the french tribunal up to judgment, was offered and received. Certain documents were also offered, some of which purported to be the signification or notice of the judgment, and demands of payment. The latter documents were properly rejected. They were not attested by an american consul or vice-consul, residing in France, nor by any certificate under the great seal of France, or other competent authentication.

The judgment having been rendered by default, and there being no evidence before us of its execution, the defendant contends that it was of no effect in that country, and cannot be the basis of a judgment here. Both parties have assented that we should take notice of the french law, as exhibited by the french Codes and commentators.

Article 156 of the Code de Procedure Civile, declares: "Tous jugements par défaut contre une partie que n'a pas constitué d'avoué, seront signifiés par un huissier commis, soit par le tribunal, soit par le juge du domicile du défaillant que le tribunal aura désigné; ils seront exécutés dans les six mois de leur obtention, sinon seront réputés non avenus." This provision is stated by Pailliet to be applicable to judgments by default, rendered in commercial matters. Manuel de Droit Français, p. 572, *note.* And so it is also expressly provided by the 643d article of the Code de Commerce. "Néanmoins, les art. 156, 158, et 159 du même Code, relatifs aux jugements par défaut rendus par les tribunaux inférieurs, seront applicables aux jugements par défaut rendus par les tribunaux de commerce.

The plaintiff's counsel admits in his brief that, the *péremption de jugement,* arising under these provisions of the Codes, destroys the judgment; but contends that, it leaves the "instance," or proceedings before judgment, in full force and effect. That consequently, even if the judgment sued upon be considered as *périmé* under article 156, yet the action or *procédure* would still subsist, and would serve as a continuous interruption of prescription on the note up to the present day. If this be true, it does not enable us to sustain the plaintiff's action; for under the allegations of his petition the note was merged in the judgment, and the suit was not upon the note, but upon a judgment. As the action cannot be maintained upon the judgment under the evidence, the petition must be dismissed as in case of non-suit.

Judgment reversed, and petition dismissed as in case of non-suit, with costs in both courts,