## MAILLEFER *v.* SAILLOT.

Where, after a judgment rendered on the opposition of the tutor, rejecting the application of a minor, under the stat. of 23 January, 1829, to be emancipated before attaining the age of twenty-one years, the minor marries without the knowledge or consent of his tutor in another State, the marriage will not have the effect of emancipating him, nor will it authorize him to demand an account and settlement of the tutorship. Art. 367 C. C. which provides that the tutor is emancipated of right by marriage, relates to marriages authorized by law, not to those contracted in fraud of its provisions.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Biron* and *T. W. Collens*, for the plaintiff. *Castera*, for the appellant. The judgment of the court was pronounced by

Rost, J. The plaintiff, being at the time over nineteen years of age, applied to the district court to be dispensed with the age required by law for attaining majority, under the act of 1829. The family meeting convoked to take his application into consideration advised the judge to grant it; but the tutor opposed it; and, after hearing evidence, the court gave the following judgment: "The testimony shows that the applicant is unable to manage his own affairs, and that he is unwilling to work. We think that the tutor's opposition must be maintained, and the costs paid by the minor."

After the rendition of this decree the plaintiff went to the city of Mobile and there married, without the knowledge or consent of his tutor, and immediately returned to institute the present action, in which he calls upon the defendant to account and pay over to him the funds which he holds as tutor, on the ground that he has been emancipated by marriage. The defence is: 1st. That the plaintiff, having married without the consent of his tutor, has no right to compel him to account until he attains the age of twenty-one years. 2d. That the judgment which refused the plaintiff his emancipation, on the ground of incapacity to manage his own affairs, has never been appealed from, and is final against him.

There was judgment in favor of the plaintiff ordering the tutor to account. The defendant took a devolutive appeal, and, under reservation of it, rendered his account, which was homologated, and the balance ordered to be paid to the plaintiff. The defendant also appealed from this decree.

We are of opinion that the district court erred, and that the disposition of the Code which provides that minors are emancipated by marriage, means the marriages which the law authorizes, not those which are made in fraud of its provisions. It appears to us that the plaintiff's marriage in the State of Alabama can no more affect the judgment rejecting his application for emancipation, than any other form of emancipation obtained in that State would affect it.

Through motives of public policy, the law does not pronounce the nullity of marriages thus contracted; but it is equally against public policy that they should

MAILLEFER
*v.*
SAILLOT.

b? held to confer upon the parties all the rights which result from the marriages of minors legally authorized.

It is ordered that, the judgment in this case be reversed, and the plaintiff's petition be dismissed, with costs in both courts.