FRANCES BABIN AND HUSBAND *v.* M. C. LE BLANC, Tutor.

The doctrine in the case of *Maillefer* v. *Saillot*, 4 An. 375, that the marriage of a minor in another State, when contracted in violation of our own laws, does not operate the emancipation of the minor, recognized and reaffirmed.

APPEAL from the District Court of West Baton Rouge, *Robertson*, J.

*E. W. Robertson* and *J. D. Stuart*, for plaintiff. *D. N. Barrow*, for defendant and appellant.

MERRICK, C. J.   The plaintiff, a minor, who claimed to have been emancipated by her marriage with *Lafayette Caldwell*, brings this suit for the partition of the property held in common with her minor co-heirs against the defendant, their tutor.

The defendant excepted to plaintiff's right to institute the action.

The proof on the exception shows that the father and mother of the plaintiff died in September and October, 1853; that the defendant applied to the proper court to be appointed tutor to the plaintiff and her co-heirs; that the plaintiff and *Lafayette Caldwell*, after the death of her parents, both of them being residents of the parish of West Baton Rouge and no tutor having yet been appointed, went to Natchez, in the State of Mississippi, for the purpose of being married, and were there married and returned to West Baton Rouge, where they have since resided.

We think the exception ought to have been sustained.

It is evident that the parties were married in Natchez in order to evade our laws, which required the consent of a tutor to the marriage of a minor. In the case of *Maillefer* v. *Saillot*, (4 An. 375,) it was held in substance, that emancipation is a consequence of the marriage which the law authorizes, and not of that made in fraud of our laws; that the courts of another State cannot emancipate minors whose domicil is in Louisiana, and that a marriage there in opposition to our laws, cannot produce any greater effect towards the emancipation of the minor.

We are satisfied with the decision in the case of *Maillefer* v. *Saillot*, and as the marriage in Mississippi did not have the effect of emancipating the minor, it is clear she was not authorized to bring this suit.

It is, therefore, ordered, adjudged and decreed by the court, that the decree of the lower court be avoided and reversed, and that the exception filed by the defendant be sustained; and the plaintiff's suit be dismissed, she and her said husband paying the costs of both courts.