BONNER<br>v.<br>COPLEY.

---

## ELIZABETH JOHNSON *v.* PHILO ALDEN et al.

15 505<br>f123 481

Where it is shown that an act of donation was not simulated, but a real contract entered into between the parties, and carried by them into effect, the judgment creditors of the donor cannot disregard this transfer and proceed *by execution.*

The distinction which is recognized between fraudulent and simulated contracts,—limiting in the former case the creditor defrauded to a direct action in revocation, and in the other instance allowing the creditor to seize the property at once,—obtains in regard to donations.

A judgment emancipating a minor cannot be attacked collatterally.

An emancipated minor has not the right to donate his property.

The nullity of such a donation is not however absolute, but relative; it is intended for the minors protection, and when he becomes of age, he may ratify or confirm the obligation.

When such a contract is entered into with sincerity, while the emancipated minor might seek protection from it on account of his legal incapacity to make such a donation *inter vivos*, yet creditors whose claims have sprung into existence since the donation was passed and executed, cannot avail themselves of this defect, where it is not a contract made in fraud of their rights, nor has proved injurious to them.

APPEAL from the District Court of the Parish of Bossier, *Egan*, J.

*Robert J. Looney*, for plaintiff. *J. D. Watkins*, for defendant and appellant.

VOORHIES, J. The Sheriff, to whom an execution had been directed in the case of *Taylor, Knap & Co.* against *M. O. Taliaferro*, proceeded to seize in the hands of the plaintiff, *Elizabeth Johnson*, a slave, *Mathilda* by name, as the property of the judgment debtor.

The plaintiff filed an injunction and third opposition, claiming to be the owner by virtue of a donation from *Taliaferro.*

The act of donation bears date the 29th day of April, 1856; and the donee since has ever had the possession of the slave.

The judgment rendered in favor of the seizing creditors is dated the 15th day of September, 1858, suit having been instituted on a note dated the 30th September, 1857.

It appears, consequently, that these creditors' rights accrued over a year after their debtor had donated to the plaintiff the property in question.

As the evidence shows that the act of donation was not simulated, but a real contract entered into between the parties, and carried by them into effect, the creditor could not disregard this transfer, and proceed by execution. C. C. 1973, 1975; 15 An.

The distinction which is recognized between fraudulent and simulated contracts,—limiting in the former case the creditor defrauded to a direct action in

64

revocation, and in the other instance allowing the creditor to seize the property at once,—obtains in regard to donations.

The defendants, however, contend that on other grounds, they were entitled to resort to summary process. They aver that the act of donation was absolutely null and void, because the donor was, at the time, a minor.

The donor had not attained the age of majority, but had been emancipated by the court, upon a recommendation of a family meeting. The under-tutor was not present at the deliberations of the meeting; indeed, it appears that there never had been appointed an under-tutor. Be this as it may, there was a judgment emancipating the minor; and this judgment cannot be attacked collatterally,—still less by the creditors of the emancipated minor, the plaintiffs in execution.

It is further contended, that, admitting the validity of the proceedings of emancipation, the donor, being but an emancipated minor, had not the right to donate his property. Such is undoubtedly the law. C. C. 373, 376, 1463, 1464, 1740; *Gregsley et als.* v. *Louisiana Bank*, 3 La. 492. The nullity, however, is not absolute, but relative: it is intended for the minor's protection, and, when he becomes of age, he may ratify or confirm the obligation. C. C. 2252.

As was stated above, there is no question as to the sincerity of the donation from *Taliaferro* to *Elizabeth Johnson*; and, were the former to urge, in avoidance of this contract, his legal incapacity to make such a donation *inter vivos*, he would be entitled to protection. But these creditors, whose claims have sprung into existence since the donation was passed and executed, cannot avail themselves of this defect. It is not a contract made in fraud of their rights; nor has it proven injurious to them. C. C. 1973. The evidence shows, that in the intervening time, up to the moment that the defendants in injunction became the creditors of *Taliaferro*, the latter was in possession of a considerable estate.

The question again resolves itself into this, that, even should these creditors be entitled to ask the avoidance of this donation,—a donation real and sincere in point of fact,—they must resort to the revocatory action.

Judgment affirmed.