No. 14,213.

MRS. ADELE C. GUILLEBERT, WIFE, ETC., VS. MRS. MARIE J. GRENIER, WIFE, ETC.

## SYLLABUS.

The minor's marriage without the consent of her tutrix, although in every respect legal, did not have the effect of emancipating her from the disabilities of minority. The mother's kindness to her daughter and her son-in-law after the marriage, which has no appearance of any intention to condone the fact that her consent had not been sought or obtained, does not have the effect of supplying the want of consent of the mother and tutrix.

Jurisprudence of this State, and of other States, of this country as well as foreign, has always attached importance to the consent which minors should obtain before their marriage.

The court deals only with the question growing out of the failure of the minor to obtain the tutrix's consent before marriage. Other issues are not brought before the court by the record so as to justify it to pass upon them.

The minor has not been emancipated and could not compel an accounting as asked by her.

A PPEAL from the Fourteenth Judicial District, Parish of Avoyelles—*Couvillon, J.*

*Adolph Vallery Coco,* for Plaintiff, Appellant.

*A. J. Lafargue, H. C. Edwards* and *William Hall,* for Defendants, Appellees.

The opinion of the court was delivered by

BREAUX, J. Plaintiff, a minor, averring that she is emancipated by marriage, sued her mother and tutrix for an account of tutorship.

Plaintiff was one of the pupils of a female college at West Point, Mississippi, and at the closing exercises of the session in May, 1901, she says that she informed her mother, her mother being with her, that she and Dr. Barbin were engaged to be married and that her intention was to marry during the summer following. A few months afterward, they, plaintiff and Dr. Barbin, went to Port Gibson, where they were married without her mother's consent.

We gather from the testimony that the only objection of the mother to the marriage was that her daughter was too young. Plaintiff returned the day after her marriage and was shortly after met by her mother, who treated her daughter kindly, and showed no ill-feeling to her son-in-law.

Plaintiff's contention is that she is emancipated by her marriage, and further that her mother has condoned her asserted disobedience in marrying without her consent, and that, besides, her mother has lost the right of tutorship by contracting a second marriage in 1885, by reason of the fact that her second husband, the step-father of plaintiff, did not comply with the provisions of Article 255 of the Civil Code in so far as that article requires the inscription of the minor's mortgage.

To this action, defendants presented an exception of no cause of action, in which they alleged that plaintiff had eloped with Dr. Barbin

and was married as before stated; that plaintiff being a minor under the age of eighteen, her marriage without the consent of her tutrix did not have the effect of emancipating her nor of releasing her from any of the disabilities which attend minority.

The evidence substantially proves the foregoing statement of facts.

The judge of the District Court sustained the exception and dismissed the plaintiff's action. Defendant filed an answer to the appeal, and asks that damages be allowed her against the defendant for having uselessly appealed upon grounds that are frivolous.

The question is whether by marriage solemnized in another State, without the consent of the tutrix, plaintiff has all the rights to which an emancipated minor is entitled. While the marriage is entirely good and valid, a negative answer, none the less, suggests itself as relates to emancipation.

By the clear and concise provisions of the text of the law the minor does not, by the marriage, without the consent of her tutrix, acquire the right of compelling her to account before majority for the property in her possession for the minor.

In an early case, a minor, aged nineteen, having failed to obtain a decree of emancipation from the court, sought to be relieved from the disability attending minority by going to Mobile, and there marrying without the knowledge or consent of his tutor. Upon his return to this State, he sued his tutor for his property. He was met by the answer that his marriage, under the circumstances just mentioned, did not emancipate him and that he would have no right to an accounting by the tutor until his majority. The District Court gave him judgment. On appeal it was reversed, and this court held that his marriage, in violation of law, did not have the effect of emancipating him. Maillefer vs. Saillet, 4 Ann. 375.

Another minor who had lost both father and mother, repaired to another State with the one to whom she was afterward married and they were married. On their return to Louisiana, they sought by suit to get property held jointly with her co-heirs. The court affirmed the decision cited *supra* and said: "We are satisfied with the decision in the case of Maillefer vs. Saillet, and as the marriage in Mississippi did not have the effect of emancipating the minor, it is clear that she was not authorized to bring this suit," and they dismissed her suit. Babin and Husband vs. LeBlanc, 12 Ann. 367.

The question afterward came up incidentally in another decision in

which this court availed itself of the opportunity to say that the minor, although legally married, was not duly emancipated for the reason that the marriage had been contracted in another State without the tutor's consent and in evasion of her laws. Clement vs. Wafer, 12 Ann. 602.

It is not the intention to discriminate against marriages solemnized in other States. If it had been solemnized in this State the disability, as relates to emancipation, would have been the same. No greater effect can be given to the marriages certified to by authorities in another State. In nearly all the States of the Union the law requires the consent of the parents or other legal representative before the license is issued. American and English Encyclopædia of Law, Vol. 19, p. 1191, 2nd edition.

To sustain the defense of emancipation by marriage not preceded by consent would hold out encouragement to minors indifferent to parental influence and control to go counter to their proper authority. It would offer inducements to youths to enter into improvident and ill-advised marriages which maturer years would cause them to regret or deplore.

In foreign jurisdictions, under the civil law, the restraint is even greater.

" There are decisive reasons in the interest of the children opposed to their contracting marriage without the consent of their parents. While they are minors the law should have forbidden their marriages, as they are incapable of performing ordinary acts of life. They are without authority to dispose of the least portion of their property, how can they properly see to their liberty, to their future? If the law permits the marriage of minors, it can only be in the interest of morality, but while the law may declare that marriage may be contracted at the age of fifteen or eighteen years, it is none the less true that children of that age are incapable of understanding the gravity of the engagements they contract. It has, however, become necessary to find something toward avoiding the incapacity. This is the purpose of the "consent" they are ordered to obtain from their parents until they have reached the age of majority." The foregoing is translated from Laurent, Vol. 2, p. 418.

We have dealt exclusively with the subject of consent which should precede the marriage in order that the marriage may emancipate the minor. We have naught to do with questions that might arise if there was danger that the minor's property will be squandered by those upon whom it devolves to take care of it and deliver it to their ward.

That question is not before us. Nor is the obligation of the tutor to the income and, so far as is necessary, the capital under legal restrictions to the maintenance of the ward. Nor is the obligation of the tutor to apply the income and so far as is necessary the capital under legal restrictions to the maintenance of his ward, before us for consideration. A duty then arises regarding which there is no necessity of expressing an opinion at this time. In the condition of the record as made us we do not consider that the issue regarding the asserted failure of the co-tutor to qualify is before us for decision.

We do not think that defendant has given her approval to the marriage to the extent that it must now be held that the minor is emancipated. On the return of the daughter, the mother, we take it, acted as if not recalling that there had been any trouble or any failure on the part of the daughter to obtain her consent; there was no sensational scene. We understand that the daughter was kindly received and the son-in-law properly treated. This is to the credit of all parties, but it does not supply the lack of consent which should have been obtained prior to the marriage as a condition of emancipation. Moreover, the inference is that the defendant did not intend to ratify. "In cases of doubt in matter of ratification the one to whom the act is opposed must have the benefit of it." Succession of Easom, 49 Ann. 1348.

· We have noted in our statement of the pleadings that defendant seeks damages for a frivolous appeal. This appeal presents none of the features which would warrant damages.

For reasons assigned, the law and the evidence being with the defendant, the judgment in her favor is affirmed.

NICHOLLS, C. J., dissents, for reasons assigned in a separate opinion.