(108 So. 790)

No. 27796.

### ARRINGTON et al. v. GRAY et al.

(May 3, 1926. Rehearing Denied May 31, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions** &#x25A1;72(5)—**Prescription; emancipation by marriage of female infant starts running of period of prescription upon her arrival at age of 18 (Civ. Code, arts. 385, 386, article 382, as amended by Act No. 224 of 1908, and article 3478, as amended by Act No. 161 of 1920).**

Under Civ. Code, art. 382, as amended by Act No. 224 of 1908, articles 385, 386, and article 3478, as amended by Act No. 161 of 1920, emancipation by marriage of female infant starts the running of period of prescription acquirendi causa upon her arrival at age of 18.

2. **Limitation of actions** &#x25A1;72(5)—**Prescription; to determine period at which prescription of 10 years acquirendi causa begins to run against married women, Civ. Code, art. 3478, as amended by Act No. 161 of 1920, must be construed with reference to article 382, as amended by Act No. 224 of 1908.**

To determine period at which prescription of 10-year acquirendi causa begins to run against married women, Civ. Code, art. 3478, as amended by Act No. 161 of 1920, must be construed with reference to article 382, as amended by Act No. 224 of 1908, fixing personal status of married woman arriving at age of 18 years, and defining her legal rights.

Appeal from Second Judicial District Court, Parish of Webster; John S. Richardson, Judge.

Petitory action by Mrs. Sallie Arrington and husband against H. Grady Gray and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

L. K. Watkins, of Minden, for appellants.

J. F. McInnis, of Minden, for appellees H. G. and M. S. Gray.

McClendon & Seals, of Homer, for appellee A. H. Southern.

Blanchard, Goldstein & Walker, of Shreveport, for appellee Louisana Oil Refining Corporation.

LAND, J. This is a petitory action in which the plaintiff, Mrs. Sallie Arrington, the wife of A. L. Arrington, seeks to recover an undivided one-fourteenth interest in the E. ½ of the N. W. ¼ of Section 28, Tp. 21 N., R. 10 W., Webster parish, and in all of the oil and gas taken from said land. As the basis of plaintiffs' action, she alleges that, during her minority, her father, G. R. Presnall, conveyed this property to A. A. Smith in the year 1901, without order of court, and that, at the date of said conveyance, plaintiff, as the heir of her deceased mother, Mrs. Candice Holtzclaw Presnall, owned an undivided one-fourteenth interest in said tract of land, which belonged to the community of acquêts and gains existing formerly between her father and her mother.

The defendants are H. G. and M. S. Gray, who own the land, including one-half of the minerals, A. H. Southern, the owner of one-half of the minerals, and the Louisiana Refining Corporation, which is producing oil from the property under a mineral lease from the other defendants.

Defendants pleaded the prescription of 10 years acquirendi causa, and plaintiff has appealed from a judgment maintaining said plea, and rejecting her demands.

[1] 1. The interest of plaintiff in the property, unless divested by the prescription of 10 years, is admitted.

It is also admitted that defendants and their authors in title have been in the actual and continuous possession of the land in dispute, in good faith and under deeds translative of title, since November 12, 1912.

Plaintiff was born July 26, 1895, and was married to A. L. Arrington, November 24, 1912, before arriving at the age of 18 years.

Plaintiff, as a married woman, became 18 years of age July 26, 1913, and the present suit was instituted July 3, 1925, or 11 years, 11 months, and 7 days thereafter.

The only question presented is whether or not, under this state of facts, the prescription of 10 years' acquirendi causa, pleaded by all of the defendants, had run against plaintiff.

In our opinion, the judgment of the district court maintaining the plea of prescription is correct.

The original article of the Civil Code declared that:

"The minor, emancipated by marriage, does not need the assistance of a curator in any act or proceeding." Article 382.

In construing this article, the Supreme Court has held that prescription did not run against a minor emancipated by marriage, as such emancipation did not relieve the minor from disabilities which attach to minors generally. In the Succession of Mitchell, 33 La. Ann. 356, it is said by the court that:

"Marriage did not relieve her from the disabilities which attach to minors, and did not vest her with the power and right of doing and performing all acts as validly as if she has attained the age of 21 years. She could not * * * mortgage or alienate real estate * * * without the consent of a family meeting and the authority of the judge. Her powers are of administration only."

As declared by this court in Barrow v. Wilson, 39 La. Ann. 406, 2 So. 810:

"These limitations on the effects of emancipation by marriage are the foundations of the French doctrine that it does not end the suspension of prescription. That doctrine seems to us to be sound and applicable under our law, and we therefore approve and adopt it."

However, article 382 of the Civil Code, as amended by Act No. 224 of 1908, is quite different from the original article.

The article as amended reads as follows:

"Art. 382. The minor, emancipated by marriage, does not need the assistance of a curator in any act or proceeding; provided that whenever a minor emancipated by marriage shall reach the age of eighteen years the said minor shall be relieved from all of the disabilities which attach to minors and with full power to do and perform all acts as fully as if the said minor had arrived at the age of twenty-one years."

The language of this amendment is identical with the language which a decree of judicial emancipation must contain, when a minor over the age of 18 years is fully emancipated, and relieved from the time prescribed by law for attaining the age of majority under articles 385 and 386 of the Civil Code.

Necessarily, when plaintiff arrived at the age of 18 years, she became sui juris for all legal purposes. She was then fully empowered to mortgage and alienate real estate, and prescription began to run against her, as much so as if she had been a femme sole who had attained the age of majority.

Article 3478 of the Revised Civil Code, as amended by Act No. 161 of 1920, provides that:

"He who acquires an immovable in good faith and by a just title, prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law," etc.

[2] Article 3478 of the Civil Code, as amended by Act No. 161 of 1920, must be construed with reference to article 382 as amended by Act No. 224 of 1908, in order to determine the period at which the prescription of 10 years' acquirendi causa begins to run against married women, as the latter

article fixes the personal status of a married woman arrived at the age of 18 years, and defines her legal rights. Bostwick v. Thomson, 149 La. 152, 88 So. 775.

The prescription of 10 years had fully accrued at the date of the institution of this suit.

Judgment affirmed.