## Succession of HECKER.*
### No. 16925.

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

Benj. Y. Wolf, of New Orleans, for appellant.

*Rehearing denied April 18, 1938; writ of certiorari granted May 30, 1938.

Solomon S. Goldman, of New Orleans, for appellee.

JANVIER, Judge.

In these succession proceedings of Mrs. Alma Julia Hecker, wife of Evarice C. Mire, the said Mire qualified as tutor of his minor son, Evarice C. Mire, Jr., and of his minor daughter, Alma Julia Mire, and he recorded in their favor a special mortgage on two lots of ground. Desiring to sell one of the lots and proceeding under Act No. 223 of 1920, as amended by Act No. 68 of 1924, he petitioned the probate court for authority to deposit a United States bond of the value of $1,000 (admittedly sufficient in amount) and prayed for a release of the recorded mortgage insofar as it bore on the said lot and insofar as it ran in favor of his minor daughter. The recorder of mortgages refused to erase the mortgage to the extent requested, taking the position that the said minor, having attained the age of eighteen years and having married, was automatically fully emancipated under the provisions of article 382 of the Civil Code and that, therefore, the court was without authority to authorize the substitution of a bond, but could only authorize the cancellation of the mortgage, so far as it concerned that minor, ten days after an accounting should have been rendered by the tutor. See article 381, C.C.

The tutor maintains that there has not resulted an emancipation even though the minor has attained the age of eighteen years and married, for the reason that the marriage was solemnized without the consent of the said tutor, and that, if there has not resulted an emancipation, then the tutorship continues and the tutor, under the provisions of the said Act of 1920, may substitute the bond in lieu of the mortgage. In contending that there has been a complete emancipation, the recorder of mortgages, as we have said, relies upon article 382 of the Civil Code, which, as amended by Act No. 224 of 1908, reads as follows:

"The minor, emancipated by marriage, does not need the assistance of a curator in any act or proceeding; provided that whenever a minor emancipated by marriage shall reach the age of eighteen years the said minor shall be relieved from all of the disabilities which attach to minors and with full power to do and perform all acts as fully as if the said minor had arrived at the age of twenty-one years."

It is evident that the article contains no requirement that, in order that complete emancipation of a minor eighteen years or more of age shall result from marriage, there must be a consent on the part of the tutor, and it would be difficult indeed to understand just what is the basis of the contention that there has been no emancipation here were it not for certain decisions of our Supreme Court in which it has been clearly said that, where there is no such consent, there is no emancipation.

In Guillebert v. Grenier, 107 La. 614, 32 So. 238, the court said:

"The question is whether by marriage solemnized in another state, without the consent of the tutrix, plaintiff has all the rights to which an emancipated minor is entitled. While the marriage is entirely good and valid, a negative answer none the less suggests itself as relates to emancipation.

"By the clear and concise provisions of the text of the law the minor does not, by the marriage without consent of her tutrix, acquire the right of compelling her to account before majority for the property in her possession for the minor. * * *

"To sustain the defense of emancipation by marriage not preceded by consent would hold out encouragement to minors indifferent to parental influence and control to go counter to their proper authority. It would offer inducements to youths to enter into improvident and ill-advised marriages which maturer years would cause them to regret or deplore. * * *

"We do not think that defendant has given her approval to the marriage to the extent that it must now be held that the minor is emancipated."

We cannot interpret the above language otherwise than as a holding that in such situation there does not result an emancipation.

In Maillefer v. Saillot, 4 La.Ann. 375, is also found a case in which a minor more than eighteen years of age married without the consent of her tutor and then attempted to force the tutor to render an accounting and to turn over to her her property. Here, again, the court held that there had been no emancipation which would entitle the minor to demand an accounting.

Also, in Babin et al. v. Le Blanc, 12 La.Ann. 367, the Supreme Court reached a similar conclusion and said that such a marriage had not effected the emancipation of the minor.

It is true that in all three of these cases the marriage relied upon as effecting the emancipation had been solemnized in another state and that in each of the two earlier cases the court referred to that fact and said that, by going into another state to have the marriage performed, the minor could not effect her emancipation, and thus a reading of those two opinions might lead to the conclusion that the decision in each case had been based on that fact. But in the Guillebert Case the court said that the fact that the marriage had been performed in the other state was of no moment, the important point being that there had been no consent:

"It is not the intention to discriminate against marriages solemnized in other states. If it had been solemnized in this state, the disability, as relates to emancipation, would have been the same. No greater effect can be given to the marriages certified to by authorities in another state. In nearly all the states of the Union the law requires the consent of the parents or other legal representative before the license is issued. 19 American and English Encyclopædia of Law, (2d Ed.) p. 1191."

But counsel for the recorder of mortgages maintains that since those cases were decided the codal article has been amended by Act No. 224 of 1908 and that that act provides for complete emancipation when the minor, having reached eighteen years, has married, and this regardless of the consent, vel non, of the tutor. However, we notice that the amendment of 1908 concerns only the effect to be given to such an emancipation where there is one and does not in any way declare that there shall be an emancipation regardless of whether or not there is consent.

The cases cited did not pass upon the effect of emancipation, but held that there was no emancipation at all where there was no consent. The amendment of 1908 merely provides that where there is an emancipation it shall produce certain results. In view of what the court said in the earlier cases, the amendment of 1908 cannot be said to effect emancipation, but merely to affect the rights of the minor where there has been an emancipation. It merely provides that where there is such an emancipation its effect shall be even more complete than it would have been prior to 1908. In other words, since the decisions in those cases there has been no change in the statutory law which authorizes a different conclusion now.

It is contended that the Act of 1908 was passed for the purpose of overcoming the result reached by the Supreme Court in the Guillebert Case since that case was decided in 1901 or 1902 and the amendment was passed in 1908.

It may be that that was the purpose of the amendment, but if so, certainly that purpose was not clearly expressed. If the framers of that amendment had that object in view, surely they could have used language clearly accomplishing the desired result. However, we do not think that that was the object which the framers of that statute sought to accomplish. The article as it now reads as a result of the amendment, when compared with the article as it was previously, makes a distinction between the rights and privileges conferred by emancipation by marriage upon a minor eighteen years or over and those conferred upon a minor who has not yet reached eighteen years of age. Prior to the amendment of 1908 it had previously been judicially determined that emancipation by marriage conferred upon the minor only the power of administration.

In Succession of Mitchell, 33 La.Ann. 353, the Supreme Court, in referring to a minor emancipated by marriage, said:

"Her marriage did not relieve her from the disabilities which attach to minors, and did not vest her with the power and right of doing and performing all acts as validly as if she has attained the age of twenty-one years. She could not, this day, mortgage or alienate real estate, or even accept a special mortgage from her husband, without the consent of a family meeting and the authority of the judge. Her powers are of administration only, R.C.C. 384, 373, 385, 1867, 1866, 2279, 2280; [Withers' Heirs v. His Executors] 3 La. [363] 365; Grigsby v. Louisiana Bank, 3 La. [491] 492; [Breaux v. Carmouche] 9 Rob. 36; [Harman v. McCawley] 9 La. [567] 571; [Briscoe v. Tarkington] 5 La. Ann. 692; [Patterson & Co. v. Frazer] 8 La. Ann. [512] 513; [Hauly v. Crozier] 14 La.Ann. 304; [Johnson v. Alden] 15 La. Ann. 505."

In Barrow et al. v. Wilson et al., 39 La. Ann. 403, 2 So. 809, the Supreme Court approved the language used in the Mitchell Case. Therefore it becomes obvious that all that the legislators had in mind when

they enacted the statute of 1908 was to make a distinction between a minor emancipated by marriage if under eighteen years of age and a minor emancipated by marriage if eighteen years of age or over. They intended to say, and did say, that the former—that is to say, the minor emancipated by marriage who has not reached the age of eighteen years—shall have only the power of administration, whereas the latter (the minor who is eighteen years of age or over) shall be vested "with full power to do and perform all acts as fully as if the said minor had arrived at the age of twenty-one years."

We repeat, then, that the amendment did not bring about an emancipation, but merely granted to certain emancipated persons greater powers than the article of the code had previously conferred upon them.

In the Guillebert Case the court took pains to say that it had considered only the right of the minor to force an accounting under article 381 of the Code and that the decision had "naught to do with questions that might arise if there was danger that the minor's property [would be] squandered by those upon whom it devolves to take care of it." It may be that the court had in mind the possibility that some tutor might refuse to consent to a marriage merely in order to continue the tutorship for some improper purpose of his own, and we have considered carefully the question of whether a different result might be reached where there is involved, as here, an attempt by the tutor to maintain himself in the tutorship and in the tutorship to initiate proceedings for the purpose of bringing about some change concerning the minor's security. For instance, we have studied the possibility that, although a minor of eighteen years or over, if married without consent, may not be considered emancipated where the proceeding is an attempt by the minor to force an accounting, such minor may be considered as emancipated where the proceeding is one by the tutor to make a substitution in or to otherwise deal with the security provided by law in favor of the minor.

After giving to this possibility much thought, we find ourselves unable to adopt the suggestion. We cannot understand how there could be given to the emancipation in the one case a result different from that which the Supreme Court says must result in the other. For instance, here we note that the tutor is attempting to substitute a bond for the recorded mortgage. Obviously, under the decisions cited, the minor could not have demanded an accounting because the marriage was consummated without the consent of the tutor. In the case which is before us, if we could reach the conclusion that the tutorship has terminated because of the marriage, we should have to base this difference in result on the fact that it is the tutor who has initiated the proceedings. We would have to say that a tutor cannot initiate such proceedings without recognizing the emancipation and that, therefore, he must render an accounting and close the tutorship. But the Supreme Court has said that no emancipation results and for us to say that, if the tutor desires to do what the Act of 1920 clearly gives him the right to do, he cannot do so except by consenting to emancipation, is to make conditional a right to which the tutor is by law entitled unconditionally.

Our attention is called by counsel for the recorder of mortgages to the fact that, if we hold that there has not been an emancipation because there has not been consent of the tutor to the marriage, we will make it necessary in every case in which such situation exists that parties dealing with the minor ascertain whether there has been an assent to the marriage of the minor.

It may be that this result will follow, but, if so, that is a matter for legislative attention. We are powerless to do anything except follow what we believe to be the clear mandate of the Supreme Court.

Since there was no emancipation, there was no change in status, the tutorship continued, and, therefore, it was permissible for the tutor, proceeding under Act No. 223 of 1920, as amended by Act No. 68 of 1924, to substitute the bond for the recorded mortgage.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.