PONDER, Justice.
 

 In the succession proceedings of Mrs. Alma Julia Hecker, wife of Evarice C.' Mire, the surviving husband Evarice C. Mire was appointed and qualified as tutor for his minor son, Evarice C. Mire, Jr., ánd his minor daughter, Alma Julia Mire. The tutor was authorized to execute a special mortgage on two lots of ground in favor of the minors in lieu of the general mortgage by the recordation of the extract of the inventory. The tutor desiring to sell one of the lots covered by the special mortgage under the provisions of Act No. 223 of 1920 sought permission of the court to deposit a United States bond of the value of $1,000 and asked for the release of the special mortgage insofar as it bore on this particular’ lot and insofar as it ran in favor of his minor daughter. The lower court approved the bond and ordered the special mortgage cancelled and erased from the records to the extent prayed for. The recorder of mortgages refused to cancel and erase the mortgage as ordered. The recorder of mortgages and the minor through its under tutor were ruled into court at the instance of the tutor to show cause why the mortgage should not be can-celled and erased as ordered. The minor daughter,- by answer, in proper person, set out that she was eighteen years of age and married to one William MacGlover and asked that the rule be made absolute on the ground that she thought the bond was sufficient security -to cover the tutor’s indebtedness to her and her minor brother.' The recorder: of mortgages maintained that the minor daughter having attained the age of eighteen years and having married was automatically fully emancipated under the provisions of Article 382, C.C., and that the court was without' authority to authorize the substitution of a bond, but could only authorize the cancellation of a mortgage so far as it concerned' that minor ten days after an accounting, should have been rendered by the tutor.
 

 
 *305
 
 The tutor contended that the minor was not fully emancipated by the marriage for the reason that the tutor did not consent to the marriage; that the tutorship continues; and that under the provisions of the Act of .1920 he may substitute the bond in lieu of the mortgage.
 

 Upon trial of the rule the lower court ordered the cancellation and erasure of the mortgage from the mortgage records as prayed for. On appeal the Court of Appeal, Parish of Orleans, affirmed the judgment. The matter now comes before us on writs of certiorari and review.
 

 The Court of Appeal in affirming the judgment was of the opinion that the decision in the case of Guillebert v. Grenier, 107 La. 614, 32 So. 238, was controlling, and that the minor having married without the consent of the tutor even though eighteen years of age there was no emancipation. The court cited among other authorities the cases of Bordelais v. Maugars, 3 La.Ann. 375, Babin v. Le Blanc, 12 La.Ann. 367 and Succession of Mitchell, 33 La.Ann. 353. An examination of these cases shows that they were decided prior to the passage of Act No. 224 of 1908.
 

 Article 382, R-.C.C., as amended by Act No. 224 of 1908 reads, “The minor, emancipated by marriage, does not need the assistance of a curator in any act or proceeding; provided that whenever a minor emancipated by marriage shall reach the age of eighteen years the said minor shall be relieved from all the disabilities which attach to minors and with full power to do and perform all acts as fully as if the said minor had arrived at the age of twenty-one years.”
 

 In the case of Roe v. Caldwell, 145 La. 853, 83 So. 43, it was stated to the effect that under the provisions of Act No. 224 of 1908 a minor emancipated by marriage over the age eighteen years is relieved of the disability of minority. . In the case of Bostwick v. Thomson, 149 La. 152, 88 So. 775, the court stated to the effect that Act No. 224 of 1908 declared that such persons, meaning minors, who had married, arriving at the age of eighteen years, are fully emancipated. The court holding to the effect that a married minor under twenty-one years of age became fully emancipated from the day that Act No. 224 of 1908 became effective. Furthermore, in the case of Arrington v. Gray, 161 La. 413, 108 So. 790, in interpreting Article 382, as amended by Act No. 224 of 1908 this Court stated [page 791]:
 

 “The language of this amendment is identical with the language which a decree of judicial emancipation must contain, when a minor over the age of 18 years is fully emancipated, and relieved from the time prescribed by law for attaining the age of majority under articles 385 and 386 of the Civil Code.
 

 “Necessarily, when plaintiff arrived at the age of 18 years, she became sui juris for all legal purposes. She was then fully empowered to mortgage and alienate real
 
 *307
 
 estate, and prescription began to run against her, as much so as if she had been a femme sole who had attained the age of majority.”
 

 Moreover, Article 382 as amended clearly and explicitly states that a married minor over 18 years of age has full powers to do and perform the acts that a person 21 years of age could. In other words, the purpose of the act was to relieve the minor of all the disabilities of minority and fully emancipate the minor and give such minor the status of a major.
 

 Article 382, C.C., as amended, being the last expression of the legislative will on this subject matter, provides that a minor emancipated by marriage upon attaining the age of 18 years shall have the full powers of one 21 years of age. The article states that when such minor attains that age they have the powers of one 21 years of age. If the law makers had intended that a different rule should apply to such a minor that had married without the consent of the tutor there would have been some provision ,in this article to that effect. When the article states that a minor attaining such age shall have such power it applied to all married minors who had attained the age of 18 years without qualification or limitation.
 

 For the reasons assigned the judgment of the lower court and the judgment of the Court of Appeal, Parish of Orleans, are reversed and set ■ aside, and the rule dismissed. The respondent to pay all costs.