## STOUGH et ux. v. YOUNG et al.
### No. 5722.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 4, 1938.

Rehearing Denied Dec. 9, 1938.

Writ of Certiorari and Review Denied Jan. 10, 1939.

McHenry, Lamkin & Titche, of Monroe, and Laborde & Edwards, of Marksville, for appellants.

Joffrion & Bordelon, of Marksville, for appellees.

HAMITER, Judge.

A Ford sedan driven by Alfred Junior Young collided with an Oldsmobile sedan owned and operated by Harry W. Stough on U. S. Highway 71, approximately one-half mile south of the town of Morrow in Avoyelles Parish, Louisiana, at about 1:30 A. M., on April 10, 1937.

Serious injuries were sustained by Mr. Stough, and by his wife, Mrs. Lillian Brady Stough, who was accompanying him; and his automobile was damaged. They instituted this suit to recover judgment for all damages occasioned to them in the accident. The defendants are the driver of the Ford sedan and his mother, Mrs. Irma Martha Young, who is the widow of Dr. J. A. Young, deceased, and is the owner of a one-half interest in said automobile and has the usufruct of the remaining interest.

Plaintiffs charge that the collision was caused by the extreme and gross negligence of the said Alfred Junior Young, whom they allege to be a minor above the age of 18 years emancipated by marriage, in the operation of the car that he was driving. We do not detail the specific negligent acts attributed to him, for they are no longer at issue in the case as will be hereinafter seen.

Liability was originally sought to be fixed on Mrs. Young on the theory, as is disclosed by the brief of plaintiffs' counsel, that her son "was habitually addicted to

the excessive use of intoxicating liquors, rendering him an improvident and incompetent driver, thereby endangering the safety of others upon the highways; that in view of these facts, Mrs. Young was negligent in entrusting the use of the Ford car to her son".

Defendants answered, denying all accusations of negligence and further denying that they are in any manner liable.

The case was tried on its merits and thereafter there was judgment condemning defendant Alfred Junior Young to pay unto plaintiff Harry W. Stough the sum of $1,543.38, and unto plaintiff Mrs. Lillian Brady Stough the sum of $12,000. He was also ordered to pay all costs of this suit. The demands of plaintiffs against Mrs. Irma Martha Young were rejected.

Plaintiffs have appealed devolutively from the judgment. They "seek to have said judgment (1) amended as to defendant Alfred Junior Young to increase the award to plaintiff Mrs. Lillian Brady Stough to $21,000.00, as prayed for; and (2) reversed as to defendant Mrs. Irma Martha Young, to hold her solidarily liable with Alfred Junior Young to plaintiffs."

There was no appeal on the part of the defendant Alfred Junior Young. His counsel, who also represent Mrs. Young, have the following to say in this connection:

"We have not appealed from the judgment because we fully accept the judgment of the lower court as to Junior Young's negligence at the time and moment immediately preceding the accident, and our discussion will be simply to sustain the judgment rendered absolving the other defendant, Mrs. Young, from liability."

The issues, therefore, remaining in the case concern (1) the alleged liability of Mrs. Young, and (2) the quantum of damages due to Mrs. Stough.

With reference to the first stated issue, we find the following in the original brief of plaintiffs' counsel:

"As to Mrs. Young, the issue resolves itself primarily into one question. Did plaintiff legally prove that Junior Young was such a reckless and incompetent driver, or was mentally so incompetent or deficient to the knowledge of his mother, that she was guilty of negligence in entrusting to his care the use of her automobile, to the disregard of the safety of others? If the answer to that question is yes, then defendant Mrs. Young is solidarily liable with Junior unto plaintiffs."

According to the last mentioned brief, the controversy "does not involve (1) parents' liability for torts of children, nor (2) the Family Purpose Doctrine, nor (3) any common law cause of action, nor (4) any relationship of master and servant. Plaintiffs' contention is based on Civil Code, article 2315 * * *." The pertinent portion of this article is:

"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; * * *."

The specific principle of law contended for by plaintiffs is set forth in the opinion of this court in Davis v. Shaw, 142 So. 301, 305. It is therein stated that:

"Of course, where an owner of an automobile permits it to become in a defective condition so it cannot be controlled when in operation, or where they are permitted to be operated by very young, or inexperienced, persons, by insane persons, inexperienced drivers, or by doped or drunken persons, or by other persons similarly incompetent, such automobile may become a dangerous instrumentality or agency, and the law applicable to such dangerous machines may apply. And, where an owner of a motorcar, knowing of such condition existing either in the car itself or the driver to whom he intrusts the use of such car, may be so negligent in permitting his automobile to be operated on the public highways in such condition, or by such person, as to be held responsible in damages for the negligent operation of such automobile."

There is much testimony in the record relating to the alleged incompetency of defendant Alfred Junior Young. We shall not give a detailed analysis thereof in this opinion, for no useful purpose would be served by our so doing. A general treatment will suffice. It is thoroughly discussed in a 25-page written opinion of the district judge.

Alfred Junior Young was the only child of the marriage of Dr. J. A. Young and defendant Mrs. Irma Martha Young. The father died about five weeks prior to the occurrence of the unfortunate accident. The son's home was with his mother in Bunkie, Louisiana. At the time of the collision he was a student at Louisiana State University, but was on a weekend visit to his home. His age was then

twenty years. Previously he had contracted marriage but his wife secured a judgment of separation from bed and board from him on December 4, 1936.

On the evening of April 9, 1937, Mrs. Young went to church in the town in which she lived, accompanied by her sister and a friend. They traveled there in her Ford sedan which was driven by the son. After alighting she told him it was unnecessary to return for them, for she did not know when the services would terminate. The son then drove to the business section of Bunkie and stopped at a drug store where he met a young man friend. After talking a while, they decided to and did drive to Opelousas, Louisiana. During this journey they purchased some intoxicating liquor. Several girl friends were met at their destination who joined them in driving around and partaking of the intoxicants. It was while Young, together with the young man guest, was returning to Bunkie that the accident occurred. He was in an intoxicated condition and was negotiating a curve, traveling on his left side of the highway and at a speed of 65 or 70 miles an hour, when he caused the serious damage which is the basis of this suit.

There is evidence in the record disclosing that Alfred Junior Young had previously, and at various times, partaken of intoxicating liquors and that on at least two occasions he had been sent home from the downtown section of Bunkie by the town marshal because of his having imbibed too freely. In fact, this is admitted by him. On the other hand, we find that he had never before been judicially charged with any misconduct because of his drinking, such as disturbing the peace or driving a car while drunk, and it does not appear that he has had other automobile accidents. Numerous prominent citizens of his community testify that they have seen him take drinks on occasions but that his conduct with respect to drinking is no different from that of the average youth of today in that section. The trial judge observes in his written opinion that:

"* * * everyone is agreed substantially on the point that the defendant, Alfred Junior Young's life is that of the ordinary small town boy—nothing much to do except going to school and getting the best time out of life while young,—no more."

Mrs. Young testifies emphatically that she had never seen her son under the influence of intoxicating liquors or smelled the odor of liquor on his breath. When asked, "Haven't you ever heard that your son drank intoxicating liquors freely and especially so at dances?", she replied, "No. If I had, I would not let him have the car".

The scholastic record of the son was inquired into by plaintiffs' counsel and evidence relating to it was adduced for the purpose of substantiating the charge of incompetency. The proof relating to this discloses that his grades were not of the highest; it does not appear, however, that his deficiencies as a student affected his ability to operate an automobile.

All of the evidence in the record has been given our careful and painstaking study. When considered as a whole, it is not convincing that Alfred Junior Young was an inebriate or habitual drunkard or was otherwise generally incompetent to drive an automobile, to the knowledge of his mother, so as to render her responsible for the son's negligence by reason of her act in entrusting the motor vehicle to him. Therefore, plaintiffs' case against Mrs. Young, predicated on the above discussed theory, must fail.

After the appeal had been lodged in this court, another theory was advanced by plaintiffs' counsel respecting the asserted liability of Mrs. Young. It is founded on testimony of Alfred Junior Young to the effect that his marriage was a secret one. The contention is that as he was married without the consent of his parents there was no emancipation, and his mother, with whom he resided, is responsible for his negligent acts by reason of the provisions of Civil Code article 2318, which are:

"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, * * *."

Defense counsel challenge the right of plaintiffs to urge such theory on appeal, in as much as it was not considered and passed upon by the trial court. In view of the decision of our Supreme Court, bearing date of October 31, 1938, in the case of Succession of Alma Julia Hecker, wife of Evarice C. Mire, in re William P. Hickey, Recorder of Mortgages, La.Sup., 185 So. 32, we find it unnecessary to determine such procedural issue.

The cited decision, which is binding on us, sets at rest the long debated ques-

tion, and the one raised by plaintiffs, of: Is a minor above the age of eighteen emancipated by marriage when he marries without the consent of parents or tutor? Our highest tribunal holds in that case that the question must be answered in the affirmative since the passage of Act No. 224 of 1908, which amends Civil Code, article 382. Its opinion recites:

"Article 382, C. C., as amended, being the last expression of the legislative will on this subject matter, provides that a minor emancipated by marriage upon attaining the age of 18 years shall have the full powers of one 21 years of age. The article states that when such minor attains that age they have the powers of one 21 years of age. If the law makers had intended that a different rule should apply to such a minor that had married without the consent of the tutor there would have been some provision in this article to that effect. When the article states that a minor attaining such age shall have such power it applied to all married minors who had attained the age of 18 years without qualification or limitation."

Alfred Junior Young was therefore fully emancipated by his marriage, and the quoted and relied on codal provisions do not render his mother responsible for his grossly negligent acts.

Mrs. Stough received injuries of a severe and permanent nature. She was at the time of the accident 36 years of age. For thirteen weeks she lay in bed either in a sanitarium or in her home. She sustained lacerations of the forehead, a dislocation of the left hip, injuries to her back and left leg, and general abrasions, bruises and contusions. Several operations were undergone by her. The forehead lacerations left a scar three and one-half to four inches long which is permanent and disfiguring. She now walks with a limp and her physician is of the opinion that this condition will continue indefinitely. Excruciating pain was suffered and she was forced to take opiates and sedatives to obtain relief therefrom. The accident rendered her extremely nervous and such nervousness was continuing on the date of trial.

The trial judge, as before stated, awarded her a judgment of $12,000. This was itemized as covering physical and mental shocks, mental pain and suffering, facial disfiguration (permanent), injury to back, and dislocation of left hip. If one were offered that amount for a voluntary submission of himself to the injuries, together with all of the attendant suffering, discomforts and after effects, that Mrs. Stough endured, certainly it would be considered insufficient and unacceptable. Suffering and injuries, like the kind under consideration, are never fully appeased by the payment of money, regardless of the amount paid. However, the award decided upon and made by the district judge seems to be neither excessive nor inadequate when considered in the light of the jurisprudence of this state affecting similar human impairments, and we shall not disturb it.

Accordingly, the judgment appealed from is affirmed.