MURRAY et al. v. HARDEE et al.

No. 5861.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1939.

Rehearing Denied April 28, 1939.

Writ of Certiorari and Review Denied May 29, 1939.

J. F. Phillips, of Shreveport, for appellants.

J. S. Pickett, of Many, for appellees.

HAMITER, Judge.

A judgment for the sum of $97.22 with interest and costs was obtained on April 21, 1934, by T. W. Hardee against Mrs. A. J. Murray and others in suit No. 63195 on the docket of the First Judicial District Court of Caddo Parish, Louisiana. The indebtedness involved therein represented taxes allegedly paid by Mr. Hardee for the judgment debtors on a tract of land then owned by them and situated in Sabine Parish, Louisiana; and the judgment recognized a lien and privilege on the property in his favor.

Later a writ of fieri facias issued under and in execution of the judgment, directed to the Sheriff of Sabine Parish, Louisiana. In compliance with that writ the said sheriff seized the above mentioned property and in due course of time it was adjudicated to the judgment creditor, T. W. Hardee. The date of the adjudication or sheriff's sale was July 28, 1934.

Mr. Hardee conveyed the tract on March 3, 1936 to Alonzo L. Harper.

The instant suit was instituted by the above referred to judgment debtors in the Eleventh Judicial District Court in and for Sabine Parish, Louisiana, on October 13, 1937. The defendants named are T. W. Hardee and his vendee, Alonzo L. Harper. Plaintiffs in their petition first aver that said judgment in suit No. 63195 is a nullity as to three of them because of improper service of citation. They then attack the judicial sale held thereunder on the alleged ground that the Sheriff of Sabine Parish, Louisiana, failed to notify or summon any of them "to appear on the day, place and hour of the pretended sale for the purpose of naming an appraiser of the property advertised to be sold, as required by article 671 of the Code of Practice of Louisiana, and there was no legal appraisement of the property seized under said fi. fa." The prayer is for judgment annulling and setting aside the sheriff's sale in favor of Hardee, and also the sale from the latter to Harper; and for further judgment ordering Hardee to account for rents and revenues of the property and for certain improvements and timber removed therefrom by him. Plaintiffs do not pray for the annulment of said judgment, although it is assailed in the allegations as above shown.

Defendants filed pleas of res judicata and of prescription, exceptions of no cause and no right of action, and a motion to elect. The record does not clearly disclose the disposition made of any of these filings except the exceptions of no cause and no right of action. With reference to the last mentioned two, the court decreed that they be sustained "insofar as plaintiffs seek to attack the validity of the original judgment described in plaintiffs' petition; and that this court will only take jurisdiction of this case for the purpose of passing upon the validity of the sheriff's sale sought to be annulled and the claims of plaintiffs for damages against defendants."

The asserted invalidity of the judgment and sales is denied by defendants in their joint answers.

The judgment of the court on the merits was one rejecting the demands of plaintiffs and dismissing the suit at their cost. They prosecuted this appeal.

In this court, defendants have filed exceptions of no cause and no right of action, and have specifically pleaded the prescription of two years in bar of plaintiffs' demands. ..

■ The trial court, we think, correctly refused to assume jurisdiction of the case insofar as plaintiffs sought to attack the judgment under which the writ of fieri facias issued. "The nullity of judgment may be demanded from the same court which has rendered the same, or from the court of appeal before which the appeal from such judgment was taken * * *." Code of Practice, article 608. The Eleventh Judicial District Court of Sabine Parish, in which this proceeding was brought, had no authority to annul the judgment in question that emanated from the First Judicial District Court of Caddo Parish. State ex rel. Williams v. Judge, 42 La. Ann. 71, 7 So. 69; State ex rel. Chandler v. Judge, 43 La.Ann. 825, 9 So. 639.

■ Remaining for consideration is the objection urged by plaintiffs to the pro-

cedure employed in connection with the sheriff's sale. Their only complaint relative to this is the alleged failure of the sheriff to serve notice on them to appoint an appraiser of the property.

An agreed stipulation of facts, signed by the attorneys of the respective litigants and found in the record, recites: "That no notices, except such notices as were contained in the Notices of Seizure, were served upon any of the plaintiffs in the above numbered and entitled cause, to appoint an appraiser to appraise the property sold under judgment in case No. 63,-195 on the Docket of the First District Court of Caddo Parish, Louisiana, wherein T. W. Hardee secured a judgment against the above plaintiffs, but that the said Sheriff of Sabine Parish, Louisiana, appointed two appraisers to value the property to be sold."

The irregularity claimed by plaintiffs cannot now be urged in opposition to the sheriff's adjudication. They have suffered the elapse of a delay since the sale was held that precludes the granting of the relief sought. The prescription of two years, specially pleaded and urged by defendants, constitutes a complete bar to their action. The sale occurred on July 28, 1934, while these proceedings were not begun until October 13, 1937, or more than three years later.

Prior to the year of 1932, article 3543 of the Civil Code provided: "All informalities connected with or growing out of any public sale, made by any person authorized to sell at public auction, shall be prescribed against by those claiming under such sale, after the lapse of five years from the time of making it, whether against minors, married women or interdicted persons."

The quoted codal provision was amended by the Legislature in 1932, through Act No. 231, so as to read as follows: "any and all informalities of legal procedure connected with or growing out of any sale at public auction of real or personal property made by any sheriff of the parishes of this State, licensed auctioneer, or other persons, authorized by an order of the courts of this State, to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were part owners at the time of making it, and in the event of such part ownership by said minors or interdicted persons, the prescription thereon shall accrue after five years from the date of public adjudication thereof."

In comparing the amendment with the original article, the Supreme Court said in Phoenix Building & Homestead Ass'n v. Meraux, 189 La. 819, 180 So. 648, 649, that, "Thus it may be seen that the only material change made by the amendment of the codal article was the reduction of the period of prescription from five to two years in so far as it affects persons who are sui juris, and therefore the jurisprudence under article 3543 as to what constitutes informalities within the meaning and contemplation of the article controls in this case."

It is our opinion that the sheriff's failure in the present controversy to give notice to appear and appoint an appraiser, constituted an informality within the meaning of the aforequoted provision. The Supreme Court gave consideration to Civil Code, article 3543, quoted supra, in the case of Thibodeaux v. Thibodeaux, 112 La. 906, 914, 36 So. 800, 802, and stated, with reference thereto, as follows:

"The word 'form' is commonly used, particularly in referring to laws and legal proceedings, as the antithesis of 'substance,' and the meaning of the statute above recited is that irregularities and illegalities in public sales which do not reach matters that are of the essence of those contracts, or prejudicially affect the substantial rights of the parties who may be interested therein, shall be prescribed against after the lapse of five years. In particular cases it has been held that, where the law requires that property which is to be sold shall be first appraised and shall bring its appraised value, or a given proportion thereof, after having been advertised in a manner and for a period specified, the omission to appraise, failure to obtain the amount of the appraisement, or the proportion required, and error or failure in the matter of the advertisement, are informalities which are cured by the prescription here relied on. This may well be true, since the matters of substance involved in making a public sale are that the parties interested shall be afforded equal opportunities, and that the property shall bring as fair a price, the circumstances considered, as could reasonably be expected; and all this may be accomplished notwithstanding that there have been the omissions and

failures mentioned. But if, by reason thereof, interested parties are deprived of their rights, or the main purpose in selling the property is defeated, and injury results, such omissions and failures effect, and themselves become, matters of substance, and can no longer be regarded as mere informalities.

\* \* \* \* \* \*

"If, however, it be sold for less, but neither fraud nor injury are shown, and it does not appear that the price obtained was less than could reasonably have been expected at a forced sale, the failure to obtain the required amount may be regarded as an informality. Upon the other hand, if it be sold, not only for less than the required amount, but for less than its value at the time and under the circumstances, the failure to obtain the required amount is not an informality, but a matter of substance."

A portion of the foregoing extract was quoted approvingly by the Supreme Court in Phoenix Building & Homestead Ass'n v. Meraux, supra.

If an omission to appraise property may, under certain circumstances, fall within the meaning of the word "informalities", then certainly the failure by a sheriff to give notice to appoint an appraiser may do likewise.

Although plaintiffs did not receive the appraisal notice, an appraisement of the property was actually made by two persons appointed and sworn by the sheriff. This disclosed a value of $200 as of July 28, 1934, the date of the sale, and the adjudication to Hardee was for $140, or more than two-thirds of such value. The mentioned appraisement constitutes the only proof in the record relative to the property's worth at that time. It is true that the consideration for the sale of the land from Hardee to Harper in March, 1936, as shown by a copy of the deed, was $400; but this sum was payable entirely on terms of credit at the rate of $100 per month beginning October 1, 1936. Furthermore, almost two years had then elapsed, and it is well known that real estate values fluctuate.

The record before us reveals no fraud or injury, and it does not appear therefrom that the consideration of the sheriff's adjudication was less than could reasonably have been expected at a sale of that nature. Therefore, under the aforediscussed authorities, the complained of irregularity was an informality, prescribable in two years.

One of the plaintiffs herein, Jewel Murray Davis, was under the age of 21 years on the date of the sheriff's sale. According to the record, she was 17 years old and married when the aforementioned suit No. 63195 on the docket of the First Judicial District Court of Caddo Parish, Louisiana, was filed on January 12, 1934. Obviously, she was 18 years of age in January, 1935; and, by reason of that age and of her being married, she was then fully emancipated and "relieved from all the disabilities which attach to minors". Civil Code, article 382. As said in Arrington v. Gray, 161 La. 413, 108 So. 790, 791, when she, a married person, "arrived at the age of 18 years, she became sui juris for all legal purposes. She was then fully empowered to mortgage and alienate real estate, and prescription began to run against her, as much so as if she had been a femme sole who had attained the age of majority." The present suit was not commenced until more than two years after her emancipation.

For the foregoing reasons, the defendants' plea of two years' prescription is sustained and the judgment of the trial court rejecting plaintiffs' demands and dismissing their suit is affirmed.